EDWARD JOY, Respondent, v. THE PENNSYLVANIA
INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, March 19, 1889.

1. **Insurance, Fire : TERMS OF POLICY.** A policy of insurance
   against fire contained provisions which declared it void, if the
   insured property was vacant at the time of a loss, and which
   required the insured to notify the insurer, if the property should at
   any time become vacant, There was also written in the policy :
   "Permission granted to have the within insured property remain
   vacant pending change of tenants." The property was described
   as being "occupied as a pork and rendering house," etc. When
   the policy was tendered to the insured, plaintiff, who had made no
   application, distinctly informed the defendant insurer's agent
   that the premises were then vacant, whereupon the permissive
   clause above mentioned was added by the agent, who then delivered
   the policy and collected the premium. The plaintiff used due
   diligence to procure a tenant, but had not succeeded in so doing
   when the loss occurred. The agent had instructions from his
   principal not to insure vacant property, but the plaintiff had no
   knowledge of that fact. *Held*, that nothing in the facts stated
   constituted a defense against a suit on the policy, and the plaintiff
   properly recovered.

2. The insurance agent cannot be considered an agent of the plaintiff
   in framing the policy, since that would put the plaintiff in the
   position of contracting with himself.

*Appeal from the St. Louis City Circuit Court.*—HON.
SHEPARD BARCLAY, Judge.

AFFIRMED.

*James P. Dawson*, for the appellant.

The language of the policy that the property
described therein was "occupied as a pork and render-
ing house," was a warranty. *Loehner v. Ins. Co.*, 17

Mo. 247; *Koonts v. Sav. & Ins. Co.*, 42 Mo. 126; *Ins. Co. v. Barnett*, 73 Mo. 364; *Alexander v. Ins. Co.*, 66 N. Y. 464; *Roberts v. Ins. Co.*, 26 Mo. App. 92. The warranty being false, as shown by the agreed statement of facts, and it further appearing that neither the defendant nor its agent knew of its falsity until after the policy was delivered, it was void *ab initio*, and never took effect as a policy of insurance. *Digby v. Ins. Co.*, 3 Mo. App. 603; *Loehner v. Ins. Co., supra; Koonts v. Sav. & Ins. Co., supra; Ins. Co. v. Barnett, supra; Alexander v. Ins. Co., supra; Roberts v. Ins. Co., supra; Barnard v. Ins. Co.*, 27 Mo. App. 26. And it makes no difference that there was no intention on the part of the insured to deceive. *Digby v. Ins. Co., supra.* And the knowledge of the vacancy acquired by Werth eight days after the policy was delivered, especially as he did not communicate the fact of the vacancy to defendant, did not have and could not have the effect of giving validity to a contract which in its inception was utterly void. *Loehner v. Ins. Co., supra; Alexander v. Ins. Co., supra.* The agreed statement of facts shows that Werth, who wrote the description in the policy in controversy, was the agent of plaintiff for the purpose of procuring and keeping up the insurance, and that the description was copied out of a book made and kept by him as plaintiff's agent, for his own and plaintiff's benefit, and not for the use or benefit of defendant; hence, any act done by him in procuring the insurance was done as plaintiff's agent, and plaintiff is bound thereby.

*Theo. H. Culver*, for the respondent.

In the case at bar, on the part of plaintiff, there was no application for insurance. The defendant made application to plaintiff by sending to him a policy by mail, which policy was by defendant enlarged by the

vacancy clause before plaintiff accepted it. *Thomas v. Ins. Co.*, 20 Mo. App. 150; *Ins. Co. v. Wilkinson*, 13 Wallace, 222; *Coombs v. Ins. Co.*, 43 Mo. 148. The contract of insurance was not completed until the vacancy clause, "permission granted to have the within insured property remain vacant pending change of tenants," was inserted. Therefore, the cases cited by appellant do not apply in this case.

THOMPSON, J., delivered the opinion of the court.

This is an action upon a policy of fire insurance. There is no controversy about the issuing of the policy, the payment of the annual premium, the loss, the proof of loss, or the amount which the plaintiff is entitled to recover, if anything. The defendant set up three special defenses; (1) That the plaintiff misrepresented to the defendant the fact that the property was vacant. (2) That the plaintiff concealed this fact from the defendant. (3) That the plaintiff failed to notify the defendant of the fact that the property had become vacant,—on either of which grounds, it was alleged that, by the terms of the policy, it had become void. The case was heard upon an agreed statement of facts and judgment was rendered for the plaintiff, from which the defendant appeals. The agreed statement of facts set out the policy in full; and while the policy contained in its printed portions clauses rendering it void for the reasons above stated, it contained in its written portion the following: "Permission granted to have the within insured property remain vacant pending change of tenants." At the same time the property was described in the policy as a "brick and frame pork-house building, with composition roof, including drive-way, *occupied* as a pork and rendering house, situated," etc. The agreed statement of facts shows that Mr. Werth, the agent of the defendant, by whom this policy was issued to the plaintiff, kept a general insurance agency; that he had

a course of dealing with the plaintiff, by which he kept the policies which he had procured to be written upon the plaintiff's property, and by which, before any policy matured, he would cause it to be renewed or a new policy to be written in its place, charging plaintiff with the premiums and collecting them from him; that the plaintiff had on this property another policy in another company, which was about to mature, and that Werth, before the maturity of the old policy, sent to the plaintiff this policy by mail to take the place of the other; that when the policy was thus sent to the plaintiff it did not have the clause in it above quoted, permitting it to remain vacant during change of tenants; that a few days after Werth thus sent the policy to the plaintiff, he called on the plaintiff, and was there distinctly informed that the premises were vacant, and that he thereupon received back the policy, wrote in it the clause above quoted permitting it to remain vacant during change of tenants, and afterwards re-delivered it to the plaintiff and collected from the plaintiff the premium, after which the loss occurred. No application for the policy was ever made by the plaintiff, and no representations were ever made by him to the defendant touching the situation of the property except as above stated. The property was vacant for want of a tenant, and the plaintiff used due diligence, between the date of the issuing of the policy and the happening of the loss, to procure a tenant for the property, but without success. The agreed statement of facts also shows that Werth was prohibited by the defendant from issuing policies upon vacant property, but that the plaintiff had no knowledge of the instructions under which Werth was acting from his principal, and that the plaintiff did not know what reports Werth sent or was instructed to send to the defendant.

This statement of facts decides the case in favor of the plaintiff, and renders it unnecessary that we should

Joy v. The Penn. Ins. Co.

drift out into the irrelevant discussions to which our attention has been invited. The written clause of the policy, permitting the property to remain vacant during a change of tenants, restrains and controls the printed clauses rendering the policy void in case of the property becoming vacant. There is no question of estoppel in the case, except the obvious conclusion that the defendant is estopped by the language of its own contract. If the defendant's agent exceeded his powers in making this contract, in the absence of any fraud or collusion with him on the part of the plaintiff or of any knowledge on the part of the plaintiff that he had no power to put this so called vacancy clause in the policy, this is a fact that does not at all affect the rights of the plaintiff. All this is plain, unless we can adopt the view that, in filling up and delivering this policy to the plaintiff, Werth was the agent of the plaintiff and not the agent of the defendant. But this would be absurd, for it would show that there was only one contracting party, to-wit, the plaintiff, and hence no contract at all.

It is unnecessary to go into any of the learning on this question. The case is extremely clear. On the plainest principles the plaintiff was entitled to the judgment which he recovered and it is affirmed. All the judges concur.