HUGH D. MCCORKLE, Assignee, Respondent, v. TILLIE M. GOLDSMITH, Appellant.

St. Louis Court of Appeals, January 15, 1895.

1. **Husband and Wife**: VALIDITY OF CONTRACTS INTER SESE. The present statute of this state, providing that a married woman shall be deemed a *femme sole* so far as to enable her to contract and be contracted with and sue and be sued, does not render her contracts with her husband valid and enforceable by action at law.

2. ———: ———': EFFECT OF ASSIGNMENT OF RIGHT OF ACTION. The contract of a wife with her husband being invalid at law even under our present statute, an action at law can not be maintained thereon against her by the assignee of her husband.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED.

*Edmond A. B. Garesche* for appellant.

Section 6864, Revised Statutes, when read in the light of the rules laid down for the interpretation of statutes, does not justify the construction contended for by respondent, and given it by the court in this case. The disability at common law applied as well to the husband as to the wife. Unless, therefore, there is something in this section which removes the hus-

band's disability to contract with the wife, the wording of the section is insufficient to authorize them to contract with each other. The husband was always able to contract with any person whomsoever, except his wife. The legislature by this enactment has placed the wife in the same position as her husband has at all times occupied, and simply authorizes her to contract with every person except her husband. *Ilginfritz v. Ilginfritz*, 49 Mo. App. 127; *Hurd v. Cass*, 9 Barb. 366–368; 2 Bishop on the Law of Married Women, secs. 18–23, and sec. 153; *Berley v. Rampacher*, 5 Duer, 183; *Walker v. Reamy*, 36 Pa. St. 410–414; *Cole v. Ripper*, 44 Ill. 58–63; *Schindel v. Schindel*, 12 Md. 108–121; *White v. Wagner*, 25 N. Y. 333; *Kneil v. Eggleston*, 140 Mass. 202; *Smith v. Gorman*, 41 Me. 408; *Lord v. Parker*, 3 Allen, 127–130; *Hamilton v. Hamilton*, 89 Ill. 350, 351.

*Geo. W. Taussig* and *H. D. McCorkle* for respondent.

The right of a married woman to contract with her husband has been so often recognized in this state that it is no longer an open question. *Turner v. Shaw*, 96 Mo. 22; *Clark v. Clark*, 86 Mo. 114, 123; *Chapman v. McIlwrath*, 77 Mo. 38, 46; *Morrison v. Thistle*, 67 Mo. 596, 600; *Hammons v. Renfrew*, 85 Mo. 580. The doctrine of disability in the husband has never received any recognition in this state, and has but little acceptance anywhere. The husband may contract with his wife, but his dealings with her are closely scrutinized to prevent his imposing upon the confidence and intimacy of their relation, and securing, by his superior business experience, an undue advantage. The doctrine is without sensible foundation, the alleged disability being no more than the law's prohibition against dealing with those under disability because of their

unequal footing. It is a rule of public policy, not a disability, that stands in his way. The above cases overthrow the doctrine as to this state. The statute (sec. 6864) gives the wife the full control and disposal of all her property of every kind and character, and she may bind it by her contracts, or she may bind herself personally so that a personal judgment may be had against her. R. S., secs. 6864, 1996; *Majors v. Holmes*, 124 Mass. 108; *Kenworthy v. Sawyer*, 125 Mass. 28.

BIGGS, J.—The defendant is the wife of Christopher H. Goldsmith. Dissensions having arisen, they were living apart from each other. They owned a house jointly, and, after the separation, the tenant paid the rent to the defendant. In 1893, Goldsmith, who had failed to get the tenant to attorn to him or to pay him the rent, commenced an action before a justice of the peace, by a landlord's summons, to recover the rent and the possession of the premises. That suit culminated in a judgment in his favor. The tenant took an appeal to the circuit court, and the defendant signed the appeal bond. In the circuit court the appeal was dissmissed for the failure to comply with an order to give a new appeal bond. The present action is on that bond. It was commenced before a justice of the peace, and, being unable to obtain service on the tenant, the plaintiff dismissed the action as to him, and continued it against the defendant. On a trial *de novo* in the circuit court, the cause was submitted to the court without the intervention of a jury. The judgment was for the plaintiff and the defendant has appealed, assigning for error the refusal of the court to give an instruction of nonsuit.

Whether a court of law will enforce a contract between husband and wife is the question for decision?

The answer involves the construction of section 6864, which was added to the "Married Woman's Act" in the revision of 1889. It reads: "A married woman shall be deemed a *femme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may be sue and be sued at law or in equity, with or without her husband being joined as a party: *Provided*, a married woman may invoke all exemptions and homestead laws now in force for the protection of personal and real property owned by the head of a family, except cases where the husband has claimed such exemption and homestead rights for the protection of his own property."

In support of the judgment it is urged that the above section, without any restriction or limitation whatsoever, authorizes a married woman to contract and be contracted with with, and to sue and be sued in all courts as if she were a *femme sole*, and that this extends to the making and enforcement of contracts with her husband. Even though this construction be adopted, we can not see our way clear to an affirmance of the present judgment. At common law husband and wife could not contract with each other, for the reason that they were regarded as one person. The disability rested on both alike. Therefore, in this case, if the complete emancipation of the wife be conceded, the disability remains with the husband. A contract which a court of law will recognize and enforce must be one entered into by two or more persons, who are *sui juris* and are capable of contracting with each other. This disability of the husband was stated and recognized by the New York Court of Appeals in the case of *White v. Wager*, 25 N. Y. 333. The court had under

McCorkle v. Goldsmith.

consideration a somewhat similar statute. It was there contended that the statute permitted husband and wife to contract with each other. The court denied this, and held that, to have such an effect, the disability of the husband would also have to be removed, and that nothing short of this would entirely destroy the marital unity of the parties or enable them to contract with each other.

But does the section admit of the broad interpretation put upon it by the respondent? We will admit that the language is sweeping, but, if if be necessary and possible to give the words a restricted meaning so as to bring the section into harmony with the other portions of the "Married Woman's Act," this should be done. By section 6868 of the "Married Woman's Act," the real estate of the wife, and its rents and profits, are exempted during coverture from the debts of the husband, unless it. be a debt contracted by the husband for necessaries for the wife and family. This section certainly contemplates a joint occupancy of the wife's land by the spouses, and a joint use by them of the rents or products so long as the marital relation continues. But the rents or products are protected against the claims of the ordinary creditors of the husband, and he is prevented from selling or making any disposition of them except by the joint deed of himself and wife duly acknowledged, If the legislature by enacting subsequently section 6864, *supra*, intended to destroy the marital unity of husband and wife as to property rights, then section 6868, *supra*, is practically repealed. The husband can no longer claim the joint occupancy of his wife's real estate. If he attempts without her authority to exercise any acts of ownership over it, he becomes a trespasser and liable to an action as such. If he asserts an exclusive possession of it, he may be prosecuted for forcible entry or unlawful

detainer, or he may be subjected to an action of eject-
ment at the suit of his wife. If by accident or use he
destroys or consumes her personal property, he must
answer as for its conversation. His wife could exact
from him the payment of board, or compel from him,
compensation for the use of any of her property. It is
useless to argue that this would not be the legal effect
of the complete annihilation of the unity of husband
and wife. We can not, therefore, bring our minds to
the conclusion that the legislature intended such absurd
consequences, and an interpretation which would lead
to them ought not to be adopted, unless the statute will
admit of no other. The statute is that the wife may
contract as a *femme sole*, and she may be sued
as a *femme sole*. This does not necessarily mean
that she may contract with or sue her husband at
law. In our opinion it was the intention of the legisla-
ture to confer upon a married woman the absolute
freedom of contract as to all the world, except her
husband; also the right to the possession and control
of her property, subject to such use and enjoyment by
her husband as would necessarily result from the
marital relation, and also the legal remedies for the
protection of her property and the enforcement of her
contracts (except those made with her husband), that
are afforded other persons who are *sui juris*. *Major v.
Holmes*, 124 Mass. 108.

In the investigation of the case we have not over-
looked the principle that in equity husband and wife
may contract with each other, and that courts of equity
will, where the equities demand it, enforce such con-
tracts. If the plaintiff has any cause of action against
the defendant, he must seek redress in a court of equity.
The fact that the bond has been assigned can not
change this. The infirmity is in the contract itself. It
is an obligation that a court of law can not recognize,

and its character can not be affected by the assignment.

Our conclusion is that the judgment of the circuit court must be reversed. All the judges concur.