Lindsay v. Archibald.

CLARK LINDSAY, Respondent, v. THOS. ARCHIBALD, Administrator, Appellant.

Kansas City Court of Appeals, February 3, 1896.

1. **Husband and Wife**: CONTRACTING: STATUTE. At common law husband and wife could not contract with one another as they were regarded as one person and each under like disability; and the married woman's act does not dissolve the unity recognized by common law.

2. ———: SUING AT COMMON LAW: STATUTE. A husband can not at common law sue his wife on her contract; and the married woman's act does not remove this disability.

3. **Married Women**: SURVIVAL OF ACTION: HUSBAND'S JURISDICTION. A third person, much less her husband, contracting with a married woman has no personal action against her which will survive against her representative; and the circuit court alone, and not the probate court, must in equity adjudicate such contracts.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED.

*Pattison & Sebree* for appellant.

(1) The probate court has no equity jurisdiction (*Butler v. Lawson*, 72 Mo. 227), nor of a married woman's estate. *Boston v. Murry*, 94 Mo. 181, and cases cited. Her liability is in equity, and that liability is not changed to one at law by Revised Statutes, 1889. See *Van Rheeden v. Bush*, 44 Mo. App. 284, 285, and cases cited. (2) But this court has held, that even under the married woman's act of 1889, the husband and wife can not contract with each other at law so as to authorize legal proceedings against each other. *McCorkle v. Goldsmith*, 60 Mo. App. 478. If this be the law plaintiff could not sue his wife Margaret Lind-

say at law on any of the items of his account here in suit. Therefore, her death could not, and did not, change his remedy on said account as against her administrator. 44 Mo. App. 284.

No brief for respondent.

SMITH, P. J.—Plaintiff and the deceased, Margaret Lindsay, were husband and wife. The plaintiff presented to the probate court an account against the estate of his deceased wife for allowance, and among other items of the account was this: "October 25, 1890, to cash paid Mrs. Lindsay, $313."

There was a trial of the cause in the circuit court, where there was adduced some evidence tending to show that the deceased, who was authorized to sign the plaintiff's name to checks drawn against his bank account, had drawn a check for $313 against plaintiff's account and had received the money thereon and made a loan of it, taking the note and deed of trust given to secure the same, in her own name. It does not appear how it was that the deceased came to draw the plaintiff's money out of the bank on the check. Whether the latter loaned the amount to the former, or whether the former's act was a wrongful conversion of the plaintiff's fund so in bank, we are not advised by any distinct evidence.

It does, however, appear that the plaintiff and deceased each owned property, which they managed separately, and each kept a separate bank account. The plaintiff and the deceased being husband and wife, at the time the deceased drew the plaintiff's money out of the bank on the check, the question is whether the plaintiff can recover the amount of money so obtained from him by deceased in an action on a simple account against her administrator. Or, to

state the question in another way, can the plaintiff sue the representative of his deceased wife on a contract, expressed or implied, that was entered into by them during the existence of the marital relation?

At common law, husband and wife could not contract with each. other, for the reason that they were regarded as one person. The disability rested alike on both. A contract which a court of law will recognize and enforce must be one entered into by two persons, who are *sui juris*, and are capable of contracting with each other. Nor is the unity of husband and wife, as recognized by the common law, abrogated by the provisions of section 6864, Revised Statutes. In *McCorkle v. Goldsmith*, 60 Mo. App. 475, it was declared that the present statute of this state, providing that a married woman shall be deemed a *femme sole*, so far as to enable her to contract and be contracted with and sue and be sued, does not render her contracts with her husband valid and enforcible by an action at law.

It is stated by the learned judge who wrote the opinion in the case, that "this disability of the husband was stated and recognized by the New York court of appeals in the case of *White v. Wagner*, 25 N. Y. 333. The court had under consideration a somewhat similar statute. It was there contended that the statute permitted husband and wife to contract with each other. The court denied this and held that to have such an effect, the disability of the husband would also have to be removed and that nothing short of this would entirely destroy the marital unity of the parties, or enable them to contract with each other." In *Ilgenfritz v. Ilgenfritz*, 49 Mo. App. 127, it was ruled by us that neither section 1996, nor section 6864, Revised Statutes, authorized the wife to sue the husband at law and that their legal unity remained the same as before the enactment of said statutes, except

as they are separated by the express provisions of the statute, or by necessary implication arising therefrom.

Accordingly, it is clear from these rulings, that the husband can no more sue the wife, or the wife the husband, in an action at law, since the enactment of said married woman's statutes, than he or she could before. *The disability of the husband as well as the wife has not been removed by said enabling statutes.* So the plaintiff could not have sued his wife in an action at law, on a contract, while she was living.

But even if the plaintiff had been under the common law disability as to his wife, this suit would fail. If the law is, as has been ruled, that a person contracting with a married woman had no personal cause of action against her which would survive against her representative (*Van Rheeden v. Bush*, 44 Mo. App. 283; *Bank v. McMenamy*, 35 Mo. App. 168), *a fortiori*, a husband contracting with the wife would have no personal cause of action against her which would survive against her representative. And though the wife have separate property when she contracts a debt, yet after her death such debt can not be proved against her estate in the ordinary way. The circuit court alone, in a proceeding in equity by the creditor, can adjudicate such a demand. *Davis v. Smith*, 75 Mo. 219; *Van Rheeden v. Bush, ante; Bank v. McMenamy ante; Coffin v. Fritz,* 41 Mo. App. 389; *Baer v. Pfaff,* 44 Mo. App. 35.

It clearly appears from the evidence that when the transaction took place between plaintiff and the deceased, which is made the foundation of the plaintiff's demand against the latter's estate, the relation of husband and wife existed between them. It must needs follow that the demand of plaintiff can not be enforced as an ordinary legal demand against the estate of deceased in the probate court.

The circuit court, therefore, erred in refusing the

defendant's request for an instruction which was to the effect that under the pleadings and evidence plaintiff was not entitled to recover.

The judgment will, therefore, be reversed. All concur.