## W. H. LONG, Respondent, v. JOHN H. MARTIN, Appellant.

### St. Louis Court of Appeals, May 4, 1897.

<div style="float:right">

71 569
s152s668
71 569
84 562
71 569
94 1235
71 569
a152s 668

</div>

1. **Husband and Wife:** CONFIDENTIAL COMMUNICATION: TESTIMONY OF HUSBAND: COMPETENCY. An alleged conversation between husband and wife in the presence of plaintiff, was not a confidential communication as would render the husband incompetent to testify thereto.

2. ———: INSTRUCTIONS. An objection to an instruction for plaintiff that it ignored the ownership of certain stock and the authority of the husband to sell it, was not well taken, where the instruction expressly conditioned plaintiff's right upon the fact that he bought and paid for the stock "as elsewhere in plaintiff's instruction defined," and a second instruction for plaintiff fully presented the issue thus referred to in the first.

3. ———: ———: STATUTE OF FRAUDS. Nor was such instruction erroneous in stating that the purchaser of the stock might, by contract with the seller, place it in his custody as the agent of the buyer. Nor was the transaction fraudulent, where there was evidence of a delivery and acceptance of part of the stock, and a note given for the price after the sale.

4. ———: ———: STATUS OF MARRIED WOMAN. An instruction that if the jury believed from the evidence that the stock in question belonged to the wife, and that she authorized plaintiff to purchase such stock from her husband, and authorized the husband to sell the same to plaintiff, was warranted by section 6864, Revised Statutes 1889, which fixes the *status* of a married woman, except as to her right to sue her husband at law and her right to convey her real estate, held as at common law, as that of a *femme sole* or person *sui juris*.

5. ———: AUTHORITY OF HUSBAND TO ACT AS AGENT OF WIFE: PROOF: SUFFICIENCY. . Where the authority of the husband to act as the agent of his wife was shown by the weight of the testimony, it was sufficient to establish such authority.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED; Judge BIGGS concurring, Judge BLAND dissenting.

CERTIFIED TO SUPREME COURT.

BOND, J.—This case originated before a justice of the peace by a replevin of certain hogs and mules. Plaintiff had judgment, from which defendant appealed to the circuit court, where plaintiff again had judgment, from which this appeal was taken.

According to plaintiff's evidence he bought the property in dispute from one John Allen, and while negotiating the trade he said to Allen, "will any disposition you make of the property be satisfactory to your wife?" That Allen said: "Certainly. Come into the house and see my wife." That thereupon the parties went into the house, and Allen said to his wife: "Mr. Long wants to buy the stock, and he wants to know if

any sale of the stock I make will be satisfactory to you." That the wife replied: "Yes, sir. Anything Mr. Allen does will be satisfactory to me." Plaintiff states that the trade was thereafter consummated. Defendant was the son of Mrs. Allen. It appeared from his evidence that the property was left on the farm after the transaction between Allen and plaintiff, and that his mother subsequently sent it to him for safe keeping; that plaintiff gave a note for the purchase money to Mr. Allen, on which a small portion of the purchase money had been paid up to the time of the trial. Mrs. Allen testified that she had no conversation as that detailed in plaintiff's evidence; that she never authorized her husband to dispose of the property; that it was hers, bought and paid by her during coverture with her own money. Defendant also gave evidence that the money used by the wife in paying for the property was derived from the rents of certain real estate situated in Louisiana, Missouri, which she owned.

The first error assigned relates to the admission of the testimony of Mr. Allen as to the conversation with his wife in the presence of the plaintiff. It is insisted that this was a confidential communication, wherefore the husband was incompetent to testify as to it. There is no force in this objection, since it appears, from plaintiff's testimony, that he was present at the time of the alleged conversation between the husband and the wife. It could not therefore have been a confidential communication.

<span style="font-variant: small-caps">Husband</span> and wife: confidential communications: testimony of husband: competency.

The next complaint relates to the giving and refusal of instructions. It is objected to plaintiff's first instruction that it ignores "the ownership of the stock" and the husband's authority to sell it. This objection is not

<span style="font-variant: small-caps">Husband</span> and wife: instructions.

well taken. The instruction expressly conditions plaintiff's right to recover upon the fact that he "bought and paid for them (the property) as elsewhere in plaintiff's instruction defined." The other instruction for plaintiff does present fully the issue, not set out, but thus referred to in the first. Nor was the instruction under review erroneous in stating that the INSTRUCTIONS: purchaser of the stock might by contract statute of frauds. with the seller place the property in the custody of the latter as agent of the buyer. Nor was the transaction within the statute of frauds, since the evidence is that there was a delivery and acceptance of part of the property and that a note was given after the sale for the price.

Complaint is made of the giving of the two following instructions:

"Though the jury may believe from the evidence that the mules and hogs in dispute belonged to Mrs. Allen, yet if you further believe from the evidence that at or about the time and before defendant purchased the property from John Allen (if you believe from the evidence he did so purchase them) that he went to see Mrs. Allen in company with Allen, with reference to the purchase of said stock, and that Mrs. Allen authorized him to purchase said stock from Allen, and authorized Allen to sell them to him, and afterwards Long purchased said stock and paid Allen for them, either by note or otherwise, then the verdict will be for the plaintiff."

"If the jury believe from the evidence that the property in question belonged to Catherine Allen and not to John Allen, her husband, and that said John Allen made a sale of the property to the plaintiff without authority from the said Catherine Allen, then the verdict will be for the defendant, and the court further instructs the jury that to show authority from the said

Catherine Allen to said John Allen to sell said prop-
erty the evidence must preponderate in favor of plain-
tiff, that is, the weight of the evidence show such au-
thority on his part."

The first of these instructions was warranted by
the terms of section 6864 of the Revised Statutes of
1889. Since that enactment the status of
a married woman, except as to her right
to sue her husband in an action at law and
her right to convey her real estate, held as at common
law, has been that of a *femme sole* or a person *sui juris*.
This act was intended to be definitive of the rights and
powers of a married woman, and necessarily repeals
all prior repugnant legislation. *Brown v. Dressler*, 125
Mo. 589; *Huss v. Culver*, 70 Mo. App. 514; *Hilte-
brandt v. Robitsch*, 62 Mo. App. 439; *McCorkle v. Gold-
smith*, 60 Mo. App. 475. The case of *McFarland v. Heim*,
127 Mo. 327, relied on to support a contrary doctrine is
not in point. The cause of action in that case arose
upon a contract of date August 1, 1888, made before
the passage of the above statute, and the conclusions
therein expressed were drawn from the law as it existed
prior to said act.

The objection to the second of the above instruc-
tions is that the court told the jury that it was sufficient
for plaintiff to establish the husband's
agency for his wife by a preponderance of
the testimony. That this has been the
uniform rule in civil actions at law, is well
settled in this state. *Marble et al. v. Fire Ins. Co.*, 43
Mo. 586; *Edwards v. Knapp*, 97 Mo. 432. Following
the remark of the court in *Eystra v. Capelle*, 61 Mo.
580, a different rule has been announced in mechanics'
lien cases, where it was shown that the husband had
contracted in writing and in his own name for the im-
provements. *Mill Co. v. Brundage*, 25 Mo. App. 268;

*INSTRUCTIONS: status of married woman.*

*AUTHORITY of husband to act as agent of wife: proof: suffi-ciency.*

44 Mo. App. 386. It must be borne in mind that the authority of the wife to appoint her husband as her agent to contract for improvements upon her real estate, held as at common law, was conferred only by the terms of the mechanics' lien law. *Tucker v. Gest*, 46 Mo. 339. As the authority thus given was in derogation of her ordinary incapacity to act, the courts felt warranted in requiring proof "cogent and strong and more satisfactory than would be required between persons occupying different relations." 61 Mo. *supra*, 580. The reason for this holding wholly fails, since the adoption of the Married Woman's Act in the revision of 1889, made the legal relations of the wife practically the same as those of a *femme sole*. The wife being possessed of full power to contract as to every species of her estate, it is not perceivable why a different measure of proof should be required to establish her contracts than would be required to prove those of other persons. In our opinion this conclusion is the necessary result of the freedom of action accorded to her under the law as it now stands. Hence there was no error in the instruction under review. The judgment will therefore be affirmed.

Judge BIGGS concurs, Judge BLAND dissents, and being of opinion that this decision is opposed to the decisions of the supreme court in 61 Mo. 560; 130 Mo. 155; and Kansas City court of appeals in 65 Mo. App. 117, the cause will be certified to the supreme court for final determination.

BLAND, P. J. (*dissenting.*)—I am unable to give my assent to the rule announced in the majority opinion that an agency of the husband to act for the wife may be established upon a mere preponderance of the evidence. It seems to me that both reason and authority are opposed to such a rule. The relation of

husband and wife implies a certain occupancy, possession and use by the husband of the wife's property. This possession with slight evidence of other facts, tending to prove an agency, might in many cases turn the scale of evidence and establish the agency if a mere preponderance of the evidence to establish such an agency is to be held sufficient. In such circumstances the wife, as was well said by Judge COLE in the case of *McLauran v. Hall*, 26 Iowa, 297, "would be compelled to array herself against her husband in order to protect her property against his unauthorized disposition of it." In Bishop on Married Women, section 369, it is said "such an agency should be established by clear and satisfactory evidence, and that the evidence should be stronger than would be sufficient to establish an agency between other persons." To the same effect are the cases of *Eystra v. Campbell*, 61 Mo. 278, and *Rowell v. Kline*, 44 Ind. 291.

Section 6864, Revised Statutes of 1889, of the Married Woman's Act, does not change the equivocal relation between husband and wife, nor change the provisions of section 6869, which requires the written assent of the wife to the husband, to enable him to dispose of her property for his own use. No general authority is given under section 6864, *supra*, enabling them to contract with each other. In this respect (to contract with each other) they are left where this statute found them, and I am opposed to extending this statute, and by judicial construction place them at arm's length, so far as the wife's property is concerned. Such a rule can but result in many instances, to loss to the wife, or asserting her rights against the unauthorized acts of her husband in his dealings with her property, in domestic quarrels and an increase in the divorce dockets of our courts.