## LYLE v. GRAY.

1. **Services:** HUSBAND AND WIFE: EMPLOYMENT OF WIFE. The employment by the owner of a farm of the husband, to take charge of and carry it on, does not imply the employment of the wife, in such sense as to entitle her to compensation from the owner for house-work performed in the family of her husband, in the absence of an agreement that she shall be paid for her labor.

2. ———: ———: ———. In an action by her to recover for such services it was *held* erroneous to instruct the jury that her character for industry, care and prudence was not material, and that evidence pertaining thereto should not be considered.

*Appeal from Adair District Court.*

SATURDAY, OCTOBER 20.

ACTION for labor done by plaintiff for defendant, at his request, which is alleged to be of the reasonable value of $896. The answer of defendant denies the allegations of the plaintiff's petition, and avers that plaintiff is a married woman, and defendant employed her husband to take charge of and work a farm owned by defendant; that plaintiff performed the duties of a wife and mother in the family of her husband, while he was so employed, and she performed no labor for defendant. The answer also sets up a counter-claim, but its averments, upon that branch of the case, need not be further referred to nor stated. There was a verdict and judgment for plaintiff. Defendant appeals.

*Charles S. Fogg* and *Wright, Gatch & Wright,* for appellant.

*E. R. Fogg* and *C. Haden,* for appellee.

BECK, J.—The issues presented by the pleadings, and upon which the case was tried, involved the question whether the labor performed by the plaintiff was for defendant under an employment, either express or implied, or whether she performed the labor for her husband, he being expressly employed by defendant to manage and conduct a farm. The plaintiff relied upon the view of the

case first stated, and the defendant insisted upon the last one. There was evidence introduced tending to support each party's theory of facts of the case. There was also evidence tending to prove that defendant had settled with and paid plaintiff's husband for his labor.

The defendant requested the court to direct the jury to the effect that if defendant employed plaintiff's husband to take charge of defendant's farm, and plaintiff did the house-work in the family of her husband, and that defendant has paid the husband for such services, she cannot recover in the absence of an agreement to pay her for her labor, and such agreement will not be implied from labor done by plaintiff. This instruction was refused and, at plaintiff's request, the court directed the jury that an employment of plaintiff by defendant could be implied from her performance of labor for him, and that payment by defendant to the husband without her authority would not defeat her cause of action.

The labor performed by plaintiff was "house-work" in the family of her husband. Workmen upon defendant's farm lived in the family. The testimony tended to prove that the employment of the husband included the boarding of such workmen, the defendant furnishing provisions.

The instruction asked by defendant, we think, ought to have been given, and the instruction given on the part of plaintiff was erroneous.

If the husband of plaintiff was employed to manage the farm, his employment including the boarding of workmen, the wife's labor, in that case, was done under the contract with the husband, whilst it may have been done *for* plaintiff. The husband could receive pay from defendant, and discharge him without the assent or authority of the wife. The husband is competent to contract for the services of his wife rendered for those living or boarding in his family, and of course can receive compensation in discharge thereof without her consent.

The services of the wife were rendered in providing board for defendant's workmen, which in this manner was *for* him. It is very plain that the rendering of such services would not imply a promise to pay the wife. In this view of the case the

instruction refused ought to have been given, and the instruction given was erroneous. We are not, of course, to be understood as denying the right of the wife to recover on an agreement of the defendant to pay her, or upon an employment by defendant, properly established, to do "house-work" for his workmen.

II. The court directed the jury that the character of plaintiff's house-keeping, whether good or bad, and whether she was industrious, careful and prudent, had nothing to do with the case, and evidence as to these matters was not to be considered, as no such questions were raised by the pleadings. The instruction is erroneous. The plaintiff seeks to recover the *value* of her labor. If she was a bad house-keeper, extravagant, careless and unfaithful, the value of her services would be diminished thereby, and the evidence upon these questions ought to have been considered by the jury.

Other questions presented in the arguments of counsel need not be considered.

REVERSED.