DUNIFER *et al.* v. JECKO, *Appellant.*

1. **Married Woman, Right of to Contract as to Separate Property.** A married woman has the power to contract with respect to her separate property, and she may own property with her husband, and with others.

2. **Husband and Wife**: PARTIES: ESTOPPEL: WITNESS. Where a wife assists her husband in the conduct of a newspaper, and they, as partners, have mutual dealings with a third party, she is *prima facie*, at least, entitled to be joined with the husband in a suit, against such party for a debt due the paper, and where, in such suit, defendant receives the benefit of an off-set as against both husband and wife, he will be estopped to complain as to misjoinder of parties; and the wife, having a substantial interest in the controversy, is competent to testify in the cause.

*Appeal from Mississippi Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*B. Pike, L. C. Krauthoff* and *D. L. Hawkins* for appellant.

(1) The court committed error in permitting any evidence to be introduced by plaintiffs in support of their account after their admission that they were husband and wife. (2) The court erred in permitting the deposition of plaintiff, Lulu A. Dunifer, to be read to

the jury, in behalf of plaintiffs, against the objection of defendant. *Sloan v. Terry,* 78 Mo. 625 ; *Gault v. Saffin,* 44 Pa. St. 367 ; *Seitz v. Mitchell,* 94 U. S. 580 ; *Weil v. Simmons,* 66 Mo. 620 ; R. S., sec. 3296 ; Parsons on Part. 6 ; R. S., secs. 3570, 3582, 3583. (3) The court committed error in the giving of the instructions on the part of plaintiffs. 1 Parsons on Con. (5 Ed.) 466, and note *t; Oatfield v. Waring,* 14 Johnson, 192. (4) The court committed error in refusing instructions asked by defendant. (5) The court committed error in overruling the motions for a new trial and in arrest of judgment. See authorities cited under second head.

*B. B. Oahoon* for respondents.

(1) No error was committed by the court materially affecting the merits of the action and the judgment should be affirmed. R. S., 642, sec. 3775 ; *Miller v. Graham,* 41 Mo. 509 ; *Hunter v. Miller,* 36 Mo. 143 ; *Orth v. Dochlein,* 32 Mo. 366 ; *Gray v. Mo. River Packet Co.,* 64 Mo. 47 ; *Rowell v. St. Louis,* 50 Mo. 92 ; *Baer v. Armstrong,* 56 Mo. 577 ; *Nelson v. Foster,* 66 Mo. 381. (2) All the testimony in the case shows in the respondents a clear right to recover, and the appellant offered no testimony beyond simply alleging payment, which, by their verdict, the jury discredited. In this state of the case, even although the court below had admitted irrelevant testimony, it cannot result in a reversal, for, under the facts in the case, such testimony could not mislead either the court or the jury, or prejudice either, or prejudice the substantial merits or rights of the appellant. *McDermot v. Barnum,* 19 Mo. 204 ; *Craighead v. Wells,* 21 Mo. 404 ; *Hahn v. Sweazea,* 29 Mo. 199 ; *Blair v. Corby,* 29 Mo. 480 ; *Dicker v. Haidoron,* 30 Mo. 93 ; *Gavick v. Pacific Railroad Co.,* 49 Mo. 274. (3) There was no misjoinder of parties-plaintiff. Liabilities are recognized now as accruing to the wife and

may "be due as the wages or separate labor" of the wife ; and are esteemed her separate property, and under her sole control.   As to them she can certainly contract, and can sue and be sued (joining and being joined with her husband) in relation thereto.   R. S., secs. 3295, 3296. Husband and wife may join their means and labor in the conduct of a partnership.

BLACK, J.—The plaintiffs are husband and wife, and are engaged in the publication of a newspaper.   They sued the defendant on an account for advertisements and local notices published at his request.   He filed an off-set for merchandise sold to plaintiff which was made out against both of the plaintiffs.   He was allowed his off-set in part, at least, and plaintiffs had judgment for the difference in their favor.   No objection was made to the allowance of the set-off.

The defendant insists there was a misjoinder of parties ; that the wife could not be a partner with her husband in business matters.   A married woman who has no separate estate cannot, save in a few excepted cases, make a valid partnership contract.   Lindley on Part. 84.   But by force of the statute of this state (sec. 3296, R. S., 1879) any personal property of a married woman, belonging to her at the marriage, or which shall come to her during coverture by gift, bequest, devise, or purchase with her separate money or means, or be due as the wages of her separate labor, shall be and remain her separate property and under her sole control.   With respect to such property she must necessarily have the power to contract.   How such contracts are to be enforced as against her and her property is not involved here.   She may own property with others, and we can see no reason why she may not with her husband.

What her interest in this paper is does not appear. She assists in the conduct of the paper.   Defendant had mutual dealings with plaintiffs as partners, and received

the benefit of his set-off as against both, and this *prima facie*, to say the least of it, entitled her to sue with her husband. He is not in an attitude to complain as to parties: The wife here had a substantial interest in the controversy; she was not simply a nominal party; she was, therefore, competent to testify and was properly allowed so to do. *Steffen v. Bauer*, 70 Mo. 399; *Wood v. Bradley*, 76 Mo. 33.

The instructions given present the whole case fairly enough and the judgment is affirmed. Ray, J., and Henry, C. J., dissent. The other judges concur.