Filed Jan. 7, 1890.

121 375
127 548

---

No. 14,018.

THE CITIZENS STREET RAILWAY COMPANY v. TWINAME.

HUSBAND AND WIFE.—*Action for Damages.*—*Loss of Wife's Services in Business.*—A husband in an action for damages sustained by him on account of injuries alleged to have been received by his wife, is entitled to recover—proper averments being made in the complaint—for the loss of the services of his wife as the manager of a business which the husband was carrying on.

SAME.—*Section 5130, R. S. 1881, Construed.*—Section 5130, R. S. 1881, in no way changes the relation between husband and wife. It makes the wife the sole owner of her earnings when she performs services for persons other than her husband, and of profits made from any trade or business carried on by her. It has no application to a case like the case at bar, where the wife is performing services for her husband.

SAME.—*Wife's Services.*—*Value of.*—*How Estimated.*—A husband is entitled to recover for the damages sustained on account of the loss of the services of his wife, and the value of her services, and loss sustained by reason of her inability to perform them, must necessarily depend on the character and value of the services which she is capable to perform and is accustomed to perform for her husband

From the Marion Superior Court.

*J. S. Duncan, C. W. Smith, F. Winter* and *H. C. Allen,* for appellant.

*W. H. H. Miller* and *J. B. Elam,* for appellee.

OLDS, J.—This action was brought by the appellee against

the appellant, in the court below, for damages sustained by the appellee on account of alleged injuries received by his wife while she was a passenger on appellant's car. By the complaint the appellee sought to recover for medical attendance furnished, and loss of service and the society of his wife. It is alleged, with particularity in the complaint, that before and at the time of the injury, the plaintiff was carrying on a large and profitable millinery business, in which his wife was acting as the manager, and that the business was rendered more lucrative and profitable by reason of her personal services in the management of said business, and her services were of great value to the plaintiff, to wit, $2,000; that by reason of the injury she had been unable to perform such duties as she was accustomed to perform in the management of said business, whereby the plaintiff had suffered damage. Issue was joined by an answer in general denial, and trial had, resulting in a verdict and judgment for the appellee.

On the trial of the cause, evidence was admitted, over the objection of the appellant, as to the value of the services of the wife of the appellee in the capacity in which she served the appellee as forewoman, and the court instructed the jury to the effect, that if the plaintiff was the sole owner of the store, and his wife served him as forewoman or manager of the store, the plaintiff would be entitled to recover whatever loss, if any, he had sustained on account of being deprived of his wife's services, in whole or in part, in his household affairs or business by reason of her disability.

It is contended by counsel for appellant that the plaintiff can not recover for the services of his wife as clerk or assistant in his business; that the right of the husband to recover damages for loss of services of the wife is limited to services within the household; that by the statute, section 5130, R. S. 1881, "A married woman may carry on any trade or business and perform any labor or services on her sole and separate account. The earnings and profits of any mar-

ried woman, accruing from her trade, business, services, or labor, other than labor for her husband or family, shall be her sole and separate property," and that the wife is entitled to recover for her own services. This statute in no way changes the relation between husband and wife. It neither attempts to exonerate her from the performance of any proper services for the benefit of the husband, either in the household or in his business, nor does it attempt to create any liability on the part of the husband to pay for such services. It very properly makes the wife the sole owner of her earnings when she performs services for persons other than her husband, and of profits made from any trade or business carried on by her. It enables the wife, if she chooses so to do, to carry on a trade or business on her own account, and to perform services for persons other than her husband, and in such cases she is the owner of the profits and earnings. The statute was passed to remedy an evil, and when the wife is compelled to support herself or her family, by engaging in business on her own account, or performing labor for persons other than her husband, or, when circumstances exist, making it desirable and for the best interest of the family that the wife engage in business, to give to the wife in such cases the same right to control her business and earnings as if she were sole, but it in no way affects or changes the marital relations, and the statute has no application in a case where the wife is not carrying on a separate trade or business, or performing services for persons other than her husband. The wife has the same right to give to her husband her services either in the household or in his business as she had before the passage of the statute, and the same obligation rests upon her to discharge her duty to her husband, and upon the husband to discharge his duty and obligation to his wife, as it did before its passage. We have under consideration a case not in any way affected by the statute. The husband was engaged in the millinery business, and his wife, by reason of their marital relations,

devoted her energy and services to the business for the benefit of the husband without any contract or expectation of pay for her services, and she sustained an injury on account of the negligence of the defendant, and by reason of which the husband was deprived of her services in his business which the wife was accustomed to perform, but was prevented from performing by reason of the injury.

There might be circumstances existing which would entitle the wife, in an action for damages, to recover for the value of her own services, but, *prima facie,* the husband is entitled to recover for such services ; and especially is this true when the wife is not engaged in carrying on any trade or business on her own account, or performing labor for persons other than her husband ; and, on the contrary, is voluntarily rendering service for the benefit of the husband, and he is entitled to recover as well for one class of services as another. In other words, the husband is entitled to recover for the damage sustained on account of the loss of the services of the wife, and the value of her services, and loss sustained by reason of her inability to perform them, must necessarily depend on the character and value of the services which she is capable to perform, and is accustomed to perform for the husband. *Ohio, etc., R. W. Co.* v. *Cosby,* 107 Ind. 32 ; *Belford* v. *Crane,* 16 N. J. Eq. 265 (84 Am. Dec. 155, and note, p. 163) ; *Cramer* v. *Reford,* 2 C. E. Green, N. J. 367 (90 Am. Dec. 594, and note, p. 601); *Cregin* v. *Brooklyn Crosstown R. R. Co.,* 75 N. Y. 192 (31 Am. Rep. 459) ; *Seitz* v. *Mitchell,* 94 U. S. 580 ; *Harrington* v. *Gies,* 45 Mich. 374 ; 9 Am. & Eng. Encyc. of Law, 817, 818.

There was no error in the rulings of the court in the admission of the evidence, or instructions to the jury.

It is contended by counsel for appellee that the record is informal, and presents no question for the decision of this court, but taking the view we have of the only material question involved, and having to affirm the judgment, we do

not deem it necessary to pass upon the question presented by the appellee as to the sufficiency of the record.

Judgment affirmed, with costs.

