JOHN HUSS, Appellant, v. CHARLES CULVER *et al.*,
Respondents.

St. Louis Court of Appeals, April 20, 1897.

**Married Woman**: RIGHT TO CONTRACT WITH RESPECT TO HER PROP-
ERTY: CONSTRUCTION OF STATUTES. Under the provisions of section
6864, Revised Statutes 1889, a married woman may not only trans-
act any business on her own account, but she may make any contract
with respect to her property, and all such contracts, otherwise valid,
will be binding on her and those with whom she contracts, and may
be enforced in the courts. *Brown v. Dressler*, 125 Mo. 593, 594.

*Appeal from the Shelby Circuit Court.*—HON. ANDREW
ELLISON, Judge.

REVERSED AND REMANDED (*with directions*).

*W. O. L. Jewett* and *J. D. Dale* for appellant.

The sole point in this case is the construction of
section 6864, Revised Statutes 1889. The intent and
meaning of a statute is to be gathered partly from the
mischief which the statute was intended to remove.
*Shultz v. R'y*, 36 Mo. 13; *Biddick v. Walsh*, 15 *Id.* 519;
*State v. King*, 44 *Id.* 283; *In. re Bonino's Estate*, 83
Mo. 441.

Our appellate courts, whenever they have construed
these remedial statutes seeking to remove the disabili-
ties imposed upon married women by the common law,
have given the statutes a broad and liberal interpreta-
tion. *Blair v. R'y*, 89 Mo. 383; *Brown v. Brown*, 90
*Id.* 184; *Gilliland v. Gilliland*, 96 *Id.* 522.

The statement in this cause is silent about how
Mrs. Culver obtained the property in front of which
she employed plaintiff to build the walk. No particu-
larity of this kind, even if required in the circuit court,

is required in a statement made for suit in a justice's court. R. S. 1889, sec. 6138; *Quinn v. Stuet*, 31 Mo. 296; *Coughlin v. Lyon*, 24 Mo. 533; *Polhans v. R'y*, 45 Mo. App. 153; *Iba v. R'y*, 45 Mo. 469; *Norton v. R'y*, 48 *Id*. 387.

Though our appellate courts have not decided the exact question, as to the construction of section 6864, presented in the case at bar, they have to some extent passed upon its meaning. *Ilgenfritz v. Ilgenfritz*, 49 Mo. App. 127; *Linsey v. Archibald*, 65 *Id*. 117; *Thompson v. Kerhman*, 60 *Id*. 488; *Beardon v. Miller*, 54 *Id*. 199; *Tucker v. Gest*, 46 Mo. 339; *Carthage, etc., v. Bowman*, 44 Mo. App. 386.

*Dysart & Mitchell* and *Cleek & Fletcher* for respondents.

Section 6864, Revised Statutes 1889, does not purport to constitute a married woman a *femme sole* for all purposes.

The rule that when a married woman owns sole and separate property, and signs a note or other valid obligation, she will be presumed to bind such estate and none other, has not been abolished by the statute, only to the extent that the legal remedy may be invoked in certain kinds of contracts, where created in the prosecution of a business conducted on her own account. *McFarland v. Heim*, 127 Mo. 327, 333, 334; *Hickman v. Green*, 123 *Id*. 165, 177; *McCullom v. Boughton*, 132 *Id*. 601, 622, 623; *Brown v. Dressler*, 125 *Id*. 589, 593.

BOND, J.—The petition in this case is as follows: "For amended cause of action, plaintiff states that defendants are husband and wife. Plaintiff further states that on or about the twenty-eighth day of April, 1896,

plaintiff and defendant Charles Culver, as agent of Ella Culver, entered into a contract whereby plaintiff agreed to erect, build, or put in a concrete sidewalk in front of defendant's, Ella Culver's, three business houses, situated on lots 1, 2, and 3, in block 6, in the city of Clarence, Shelby county, Missouri. Said sidewalk being, according to said contract, about eighty feet in length by ten feet in width, for which defendant agreed to pay plaintiff for erecting, building, or putting in said sidewalk the sum of seventeen cents per square foot. Plaintiff says that it was further agreed in and by said contract that the defendants would furnish all material necessary for the building of said sidewalk except cement.

"Plaintiff states that the material to be furnished by defendants, as per contract aforesaid, was to be so furnished and put on the ground aforesaid by the tenth day of May, 1896, and the material to be furnished by the plaintiff necessary to comply with the terms of said contract on his part to be performed was also to be put on the ground by said tenth day of May, 1896. Plaintiff says he furnished the cement as agreed in and by said contract, together with all tools necessary to the construction of said sidewalk and entered upon the work of building said sidewalk under said contract, but on the——day of May, 1896, defendants notified plaintiff to quit said work, and compelled plaintiff to abandon same, although plaintiff was ready and willing to comply with said contract in all its details on his part to be performed. Plaintiff further says that defendants had no reasonable cause to compel plaintiff to quit said work.

"Wherefore plaintiff is damaged in the sum of one hundred and fifty dollars, for which, with costs, plaintiff prays judgment."

A demurrer was interposed, on the ground, among

others, that defendant Ella Culver was a married wo-
man, and "could not bind herself at law in the con-
tract sued upon and in the appointment of an agent,
except as to her sole and separate property." The trial
court sustained the demurrer. Plaintiff excepted to
said ruling, and declining to plead further, the court
dismissed the petition, from which this appeal is pros-
ecuted.

The ruling of the trial court was erroneous. It is
not claimed that it can be supported on any other
ground than the cause of demurrer above quoted. That
this is wholly insufficient, must appear from an inspec-
tion of the section of the statute empower-
MARRIED woman: ing married women to contract, and an
right to contract
with respect to examination of the decisions of appellate
her property:
construction of courts which have construed the act in
statutes.
question. R. S. 1889, sec. 6864; *Hilten-
brandt v. Robitzsch*, 62 Mo. App. 439; *Goldsmith v.
Taussig*, 60 Mo. App. 460; *McCorkle v. Goldsmith*, 60
Mo. App. 475; *Brown v. Dressler*, 125 Mo. 593, 594.
None of these cases condition the power of married
women to contract (as contended by respondent) upon
the fact that she is engaged in some kind of business
on her own account. Neither does the statute put any
such limitations on the power to contract granted to
married women. The learned counsel misunderstands
the object of the law. Its purpose was not only to en-
able a married woman "to carry on and transact busi-
ness on her own account," but to give her the additional
power "to contract and be contracted with, to sue and
be sued, and to enforce and have enforced against her
property such judgments as may be rendered for or
against her," and to authorize suits for and against her
with or without the joinder of her husband. In pass-
ing upon this statute the supreme court in the case
cited, said: "Under its provisions a married woman

may transact any business on her own account, may make any contract with respect to her property, whether it be real, personal, or mixed, and all such contracts, being otherwise valid, will be alike binding on her and on those with whom she contracts, and may be enforced in the courts.'' About the only way in which she can not act independently of her husband is in conveyances of her real estate held as at common law. In that matter the statute requiring the joinder of her husband in the conveyance has not been abrogated. The judgment of the circuit court will be reversed and the cause remanded, with directions to overrule the ground of demurrer above stated, and to proceed with the trial of the cause in accordance with this opinion.

All concur.