JOHN W. NIEMEYER *et ux.*, Plaintiff in Error, v. JOSEPH NIEMEYER, Defendant in Error.

## Kansas City Court of Appeals, May 3, 1897.

1. **Pleading**: PETITION: HUSBAND AND WIFE: DEMURRER: PARTIES. A petition by a husband and wife alleging that the defendant engaged the plaintiffs to take care of his invalid son, etc., and in consideration therefor agreed to make reasonable compensation, states a cause of action and is not demurrable on the ground of the misjoinder of the wife, since the husband under equity rules at common law could waive his right to his wife's personalty and permit her to retain the same free from any claim on his part.

2. **Married Women**: STATUTORY CONSTRUCTION: HUSBAND AND WIFE'S CONTRACT. The married woman's act has completely emancipated the wife and gives her full power to contract with every person except her husband, and husband and wife have the power to act severally or jointly with other persons and to enforce such contract by proper suit.

*Error to the Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*Edwards & Edwards* and *Silver & Brown* for plaintiffs in error.

(1) The trial court erred in sustaining the demurrer to the petition. Whatever might have been the rule at common law, the wife may now, in Missouri, contract as a *femme sole*, and be sued as a *femme sole*. R. S. 1889, secs. 1996 and 6864. The only limitation to her right to contract and sue as such *femme sole* is where her husband is the opposing or adversary party. *Lindsay v. Archibald*, 65 Mo. App. 117; *McCorkle v. Goldsmith*, 60 Mo. App. 475. (2) The terms of the statute are

VOL. 70 app—39

broad in favor of the wife's emancipation. Section 6864, Revised Statutes, 1889, provides that a married woman shall be deemed a *femme sole* so far as to enable her to carry on and contract business on her own account, to contract and be contracted with, to sue and be sued, etc. (3) To hold that the wife can not jointly contract and sue with her husband, as with any other person, would be to engraft an exception on section 6864 and on section 1996 not found in them. It is not the province of the courts to write exceptions into the statutes. *Hoester v. Sammelman*, 101 Mo. 619; *Rogers v. Brown*, 61 Mo. 187, at p. 192; *Fairbanks v. Long*, 91 Mo. 629; *State, etc., v. Fischer*, 119 Mo. 244; *Davenport v. Hannibal*, 120 Mo. 150. (4) There can be no question as to defendant's liability in this case, so far as the averments of the petition are concerned, the promise charged therein being an original and not a collateral undertaking on defendant's part. *Glenn v. Lehlen*, 54 Mo. 45; *Barker v. Scudder*, 56 Mo. 572; *Osborn v. Emery*, 51 Mo. App. 408; *Pipe Co. v. Smith*, 36 Mo. App. 608.

*W. S. Pope* and *C. Waldecker* for defendant in error.

(1) There is no allegation that the services performed were due the wife or that she had any special or unusual, or other interest than a wife has, in services usually performed as housekeeper or housewife, and no allegation of any kind to take the case out of the common law rule. Revised Statutes, sections 6864 and 1996, cited by the plaintiffs, are authorities against their contention; so, also, is *Lindsay v. Archibald*, 65 Mo. App. 117, and *McCorkle v. Goldsmith*, 60 Mo. App. 475. (2) The husband is entitled to the services of the wife at common law, and the petition does not take this case outside the common law rule. It is not alleged that

plaintiffs were carrying on any business as partners. Nor is there anything stated in the petition that would give the wife an interest in the subject-matter of the suit. The following Missouri cases and the citations therein made are decisive of this case: *Plummer v. Trost*, 81 Mo. 425; *Lavelle v. Stifel*, 37 Mo. App. 525; *Ilgenfritz v. Ilgenfritz*, 49 Mo. App. 127–138; *Whalen v. Baker*, 44 Mo. App. 290; *Baer v. Pfaff*, 44 Mo. App. 35; *Hart v. Leete*, 104 Mo. 315; *Richardson v. DeGiverville*, 107 Mo. 422. This case does not come within the ruling in *Dunifer v. Jecko*, 87 Mo. 282. (3) The earnings of the wife, in the absence of express statute, or provision to the contrary, belong to the husband. Schouler's Domestic Relations [5 Ed.], part 2, chap. 12, especially sec. 162.

GILL, J.—Plaintiffs, who are husband and wife, sued the defendant upon an alleged contract whereby said defendant agreed to pay the plaintiffs for the boarding, nursing, and expenses incurred in keeping and caring for one Conrad Niemeyer, defendant's son, who, it was alleged, was sick and afterward died. The circuit court sustained defendant's demurrer to the petition on the alleged ground that the coplaintiffs, being husband and wife, were improperly joined as parties plaintiff; and said plaintiffs, declining to amend, suffered judgment to go against them and brought the case here by writ of error.

The court erred in sustaining the demurrer. The petition contained every element necessary to constitute a binding contract between the two plaintiffs of the one part and the defendant of the other part. According to its allegations, the defendant engaged the plaintiffs, Mr. and Mrs. Niemeyer, to take his invalid boy, board, nurse, and provide for him, and in consid-

PLEADING: petition: husband and wife: demurrer: parties.

eration thereof agreed to make reasonable compensation. The services were performed and supplies furnished, and there arose an obligation on defendant to pay therefor. But from the record and defendant's brief it seems the court below adopted the theory that the wife was an unnecessary and improper party plaintiff—that she had no interest in the cause of action, and could not therefore be joined with her husband in enforcing the same. Whatever may have been the rule at common law, it is now firmly settled that the wife may, in this state, contract and be contracted with, and may sue and be sued on such contracts, and that, too, whether her husband joins her or not: "A married woman shall be deemed a *femme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, * * * and may sue and be sued at law or in equity, with or without her husband being joined as a party." Secs. 6864 and 1996, R. S. 1889. It makes no difference that in this case the services performed by the wife may have been, under the common law rule, such property as the husband had the right to claim as his own; for it is well settled that "under the influence of equity rules, the husband may waive his right to his wife's personal property, and permit her to retain the same free from any claim on his part." *Hart v. Leete*, 104 Mo. 315; *Botts v. Gooch*, 97 Mo. 88, and authorities cited at page 91.

The statute above quoted has completely emancipated the wife and gives her full power to contract with any and every person *save and except only her husband*. This exception results from MARRIED women: statutory construction: husband and wife's contract. the failure of the statute to relieve the husband of his common law disability to contract with his wife. *McCorkle v. Goldsmith*, 60 Mo. App. 475. But while husband and wife may not at law

contract *inter sese*, they have clearly the power to contract severally or jointly with other persons; and having made a joint contract with another party they must have the right to join in a suit to enforce the same.    In *Dunifer v. Jecko*, 87 Mo. 282, a partnership between husband and wife was recognized and they were permitted to jointly sue and recover on an account due the concern. This, too, was prior to the enactment of the late statute, section 6864, Revised Statutes 1889.

For the error in sustaining defendant's demurrer to the petition the judgment will be reversed and cause remanded.    All concur.