THE STATE v. NAPPER, *Appellant.*

In Banc, November 16, 1897.*

1. **Defilement of Female:** SURPLUSAGE WORD IN INDICTMENT. Defendant was indicted for defiling a female under his "care and *protection,* custody and employment." Section 3487, Revised Statutes 1889, under which the indictment was drawn, using only the words "care, custody or employment," the word "protection" in the indictment is *held* to be mere surplusage.

2. **Leading Questions.** It is not reversible error to permit counsel to ask leading questions, unless it appears that the trial court abused its discretion in permitting them.

3. **Appellate Practice:** WEIGHT OF EVIDENCE. Although the defendant's guilt seems doubtful, the weight of the evidence is for the jury, and where there is evidence on which to predicate the verdict, as in this case, the jury having been properly charged on the subject of reasonable doubt, this court will not interfere.

4. **Head of the Family:** CUSTODY OF AN ORPHAN CHILD. While the rights of the wife as they existed at common law have been greatly enlarged by courts and statutory enactments, and the rights of the husband correspondingly diminished, he has not, however, become entirely a nonentity, and is yet regarded as the head of the family with power to control the same. Where, therefore, a girl ten years old was given to defendant's wife, and continued to live in their house till after she became heavy with child, she will be held to have been a member of the husband's family and under his care.

5. **Criminal Law:** WIFE AS A WITNESS: INSTRUCTION. The court holds the following instruction on behalf of the State to be proper: "The court instructs the jury that in considering the weight of the evidence given by both defendant and his wife they will take into consideration the fact that he is the defendant testifying in his own behalf, and that she is his wife, and you may consider their interest in the case and the marital relation in passing upon the credibility of their testimony."

* NOTE—Decided in Division Two on June 8, and in Court *in banc* on November 16, 1897.

*Appeal from Dunklin Circuit Court.*—Hon. John G. Wear, Judge.

Affirmed.

*J. P. Tribble* and *W. S. C. Walker* for appellant.

(1) The statute fully defines the offense and the indictment should follow the statute. *State v. Mc-Daniel*, 94 Mo. 301; *State v. Kirby*, 115 Mo. 440. (2) The court erred in permitting counsel for the State to propound to the witness, Virginia Richardson, leading questions, as follows:—"I will ask you if, while you were at his place, you were not under his care and protection?" *A.* "Yes, sir; he was my protector, as I thought." *Q.* "I will ask you if he said to you that if you would go with him and live with him he would be a father to you?" *A.* "Yes, sir; he said that he would be a father to me." *McLean v. Thorp*, 3 Mo. 215; 1 Greenl. on Ev. [Redfield's Ed.], secs. 434, 434a. (3) The Bible introduced in evidence to prove the age of Virginia Richardson was improperly admitted; it was proven that the entries therein made were made years after the birth of Virginia Richardson and that the book itself was only a copy from another Bible; and that only a part of the entries were made by the father of Virginia Richardson. (4) When she went to Dr. Hughes the relation theretofore existing, if it did exist, was broken. *State v. Parker*, 106 Mo. 217. (5) Instruction number 6, given at the instance of the State, was erroneous, in this, that, *first*, it comments on the weight of the evidence; *second*, it singles out the testimony of the defendant and his wife and charges the jury—not as to their credibility alone—but both as to their credibility and the weight to be given their testimony. It fails to tell the jury that the defendant

and his wife are competent witnesses. *State v. Cook*, 84 Mo. 40; *State v. Fairlamb*, 121 Mo. 137; *State v. Swain*, 68 Mo. 605; *State v. Irwin*, 80 Mo. 249. (6) The jury must have been actuated by passion or prejudice to convict upon such testimony. *State v. Sibley*, 131 Mo. 519.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Leading questions are not subject to review by this court for that reason alone. Such matters rest in the sound discretion of the trial court. (2) Where an inference of guilt can reasonably be drawn from the evidence, the court will not undertake to invade the province of the jury by passing on the weight or sufficiency of the testimony. (3) The evidence was sufficient, if believed, to establish the fact that Virginia Richardson was at the time of the offense confided to the care and custody of defendant. Defendant's own evidence is sufficiently strong on this point. *State v. Strattman*, 100 Mo. 550; *State v. Buster*, 90 Mo. 517; *State v. Lingle*, 128 Mo. 540. (4) The trial court committed no error in "not giving an instruction to the jury defining the meaning of the word 'felonious' as used in the instructions." *State v. Scott*, 109 Mo. 226; *State v. Hayes*, 105 Mo. 76; *State v. Jackson*, 99 Mo. 63; R. S. 1889, sec. 4115.

### IN DIVISION TWO.

Burgess, J.—At the July term, 1895, of the circuit court of Dunklin county, the defendant was indicted by the grand jury of that county, and charged with defiling, debauching, and carnally knowing one Virginia Richardson, a female under the age of eighteen years, who was alleged to have been confided to his

care and protection.   At the March term of said court next following, he was put upon his trial, found guilty as charged, and his punishment fixed at nine months' imprisonment in the county jail and a fine of $500.   Defendant then filed his motion for a new trial, which being overruled, he saved his exceptions and brings the case to this court by appeal for review.

It appears from the record that Virginia Richardson was an orphan child in the care of her uncle, who gave her to the wife of William Napper, a son of the defendant, to raise, and that she within two or three years thereafter gave her to his mother, the wife of defendant.

When she was taken to defendant's house she was ten years of age.   She testified that when she first went to defendant's that he took her from his son's house to his in a buggy, and while on the way he told her that he would be a father to her, and that she was to be as his own child, and to be one of the family.   That during all the time she lived there she was under the control and protection of defendant and his wife.   That in 1892 defendant and his wife broke up housekeeping when, by their directions, she went to live with a Dr. Hughes, their son-in-law, where she remained until January, 1893, when defendant and his wife were again housekeeping, and at their request she again returned to their house and continued to make that her home until June, 1895, when she left there, and that she was delivered of a child on the nineteenth day of August, 1895, of which defendant was the father.   That shortly after her return from Dr. Hughes's to defendant's, he began having criminal connection with her, which continued until January, 1895.   That she was born on the twenty-ninth day of July, 1878, and that no person other than the defendant had ever had criminal connection with her.

Defendant was born in November, 1825.  He and his wife both testified that he had been impotent for six years next preceding the time of the trial, and he and two other witnesses, physicians, testified that during the last three years, both before and after his arrest, he had been treated by them for impotency.  Both defendant and his wife testified that Virginia Richardson was never under the care and control of defendant, but was always under the care and control of defendant's wife.  He denied that he took Virginia to his house when she first went there to live, or that he ever stated to her that he would be a father to her, that she should be as his own child, or that he ever at any time had carnal connection with her.  He proved a good character for morality.

1.  The contention is made that the indictment is bad because it charges the act of defilement to have taken place while Virginia Richardson "remained in the care and *protection,* custody and employment" of defendant, while the statute does not use the word *protection* in that connection.  The language used in the statute is "while she remains in his care, custody or employment."  R. S. 1889, sec. 3487.  The word *protection,* as used in the indictment, is at most but surplusage, and may be disregarded.  It does not in any way affect the validity of the indictment.

2.  There was no reversible error committed in permitting counsel for the State to propound to its witnesses leading questions.  This was a matter resting largely in the discretion of the court, and this court will not reverse a judgment upon that ground, unless it be made to appear that the discretion was abused, which is not the case in this instance.

3.  The contention is also made that there was no evidence upon which to predicate the verdict.  To this position we are unable to give our assent.  There was

an abundance of evidence, if the prosecuting witness is to be believed. There is no question but that she was under the age of eighteen years at the time of the commission of the alleged offense. The evidence as to whether defendant entertained criminal relations with her or not was conflicting, she swearing positively that he did, while he testified equally as positively to the contrary.

When his advanced age, physical condition, and good character for morality, and the contradictory statements made by the prosecuting witness as to his relations with her are taken into account, his guilt seems doubtful. Yet at the same time, aside from her contradictory statements, there was not the slightest evidence tending to show that any person other than defendant had connection with her. The weight of the evidence was for the jury, and as they found from the evidence that defendant was guilty of the offense charged beyond a reasonable doubt, this court will not interfere.

4. It is also argued that Virginia Richardson was never confided to the care, custody and protection of defendant within the meaning of the statute. This contention is bottomed upon the fact as claimed, that she was confided to the care and protection of defendant's wife, and that he had no control of her. While the rights of the wife as they existed at common law have been greatly enlarged by courts and statutory enactments, and the rights of the husband correspondingly diminished, he has not become entirely a nonentity, and is yet regarded as the head of the family with power to control the same.

So that, whether the prosecuting witness was confided to the care and custody of the defendant or to his wife, she became a member of his family and under his care and protection.

Moreover, she testified that when she first went to defendant's house to make it her home, he took her there and told her that she was to be a member of his family, and as his own child. The fact that she went to Dr. Hughes's to live, and remained there several months, and then returned to defendant's house at the request of his wife, did not sever the relations that had theretofore existed between them. She went to Hughes's by the request of defendant and his wife, and the fact that she was defiled by defendant after her return to his house, if such was the case, was no excuse or justification for the offense.

5.    The instructions given upon the part of the State are criticised, but they seem to be such as were approved by this court in *State v. Strattman*, 100 Mo. 550. Complaint is especially made of the sixth, which is as follows:    "The court instructs the jury that in considering the weight of the evidence given by both the defendant and his wife they will take into consideration the fact that he is the defendant testifying in his own behalf, and that she is his wife, and you may consider their interest in the case and the marital relation in passing upon the credibility of their testimony."

This instruction is almost a literal copy of an instruction given on the part of the State in *State v. Strattman, supra*, which seems to have passed in that case unchallenged. Besides, it is in accordance with the provisions of section 4218, Revised Statutes 1889, by which husband and wife are authorized to testify for each other. Taking the instructions as a whole, they were eminently fair to the defendant.

Finding no reversible error in the record, the judgment is affirmed. GANTT, P. J., concurs. SHERWOOD, J., is of the opinion that the prosecuting witness, Virginia Richardson, was not confided to the care and

protection of defendant within the meaning of the statute.

### IN BANC.

PER CURIAM.—The foregoing opinion was announced by Judge BURGESS while this cause was in Division Two. Since then a full argument of the case has taken place before the Court *in banc*. The majority of the members of the court coincide with the said opinion. It is accordingly approved and adopted as that of the Court *in banc*. The judgment is affirmed. BARCLAY, C. J., and GANTT, MACFARLANE, BURGESS, ROBINSON and BRACE, JJ., concurring, and SHERWOOD, J., dissenting.