J. I. MACKS, Appellant, v. COLUMBIA THEATRE COMPANY, Garnishee of SIDNEY DREW, Respondent.

St. Louis Court of Appeals, December 4, 1900.

1. **Garnishment: MARRIED WOMAN: JOINT CONTRACT: EX-EMPTION.** In the case at bar Mrs. Drew was a collaborator with her husband in an artistic production intended to please, and instruct the public. This histrionic ability on her part constituted her earning capacity, the reward for its exhibition was therefore "the wages of her separate labor," whether exerted in conjunction with the personation of other characters by her husband or any other actor, and is therefore within the strict terms of the statute exempt from any process of law for the debts of her husband.

2. ————: ————: ————. And when money is in the hands of a garnishee belonging to husband and wife under a joint contract with the garnishee, it is not subject to garnishment for the individual debt of the husband.

Appeal from the St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*P. W. Haberman* and *J. C. England* for appellant.

(1) A husband and wife can not contract with each other; a partnership can not exist between them. McCorkle v. Goldsmith, 60 Mo. App. 475; Lindsay v. Archibald, 65 Mo. App. 117. (2) The property in the possession of the husband and wife, or under their control, is presumptively that of the husband, and the burden of proving the contrary

is upon the wife. McLean v. Abshire, 63 Mo. App. 333, at 339; Burns v. Bangart, 16 Mo. App. 22; Plummer v. Trost, 81 Mo. 425, at 428. (3) The earnings of the wife which are not the result of her separate labor, are not protected by the staute, but are, as at common law, the property of the husband and subject to his creditors. Plummer v. Trost, 81 Mo. 428; Plummer v. City of Milan, 70 Mo. App. 598; Birbeck v. Ackroyd, 74 N. Y. 356, at 358; Bean v. Kiah, 4 Hun. 171, at 174.

*A. C. & A. H. Davis* for respondent.

(1) In the state of New York, where the contract was made, husband and wife may contract with any person and with each other. Session Acts of New York, 1892 (Vol. 1), page 1139. This law of New York is the law of the case. Ins. Co. v. Simons, 52 Mo. App. 357, and cases there cited; Fisher v. Anchor Line, 15 Mo. App. 576; Reddeck v. Walsh, 15 Mo. 519 loc. cit. 537. (2) A husband and wife may jointly contract with another person in the state of Missouri and enforce such contract by proper suit. Niemeyer v. Niemeyer, 70 Mo. App. 609; Dunifer v. Jecko, 87 Mo. 282; R. S. 1899, p. 1041, sec. 4335-4340; State ex rel. v. Brady, 53 Mo. App. 202. (3) The answer of the garnishee was evidence in its favor and is taken as true unless overthrown by evidence on the part of plaintiff. This was not done, as plaintiff offered no testimony, simply relying on that part of the answer which set up a partnership. Davis v. Knapp, 8 Mo. 657; McEvoy v. Lane, 9 Mo. 47 loc. cit. 48; Quarles v. Porter, 12 Mo. 76; Ronan v. Dewes, 17 Mo. App. 306.

BOND, J.—This is a garnishment proceeding begun before a justice upon an attachment suit of plaintiff against

Sidney Drew, based upon a justice's judgment rendered in the state of California. The ground of attachment was non-residency. A judgment was rendered thereon against Sidney Drew and a judgment in favor of the garnishee on the trial of the garnishment. Plaintiff appealed from the latter judgment to the circuit court, to whom the case was submitted for decision without the aid of a jury. On the trial there it was shown that the answers of the garnishee to the interrogatories put in the justice's court denied any indebtedness to Sidney Drew, or the possession of any property, money or effects, belonging to him at the time of or since the garnishment, but acknowledged that it, the garnishee, had in its possession $150 which it owed to "Mr. and Mrs. Drew, who are under joint contract, as co-partners with the garnishee to play at its theatre for two weeks." The contract referred to was executed in New York on behalf of the garnishee by its agent C. P. Salisbury, and signed on behalf of the Drews, to-wit, "Sidney Drew, for Mr. and Mrs. Drew." In pursuance of this contract Mr. and Mrs. Drew acted together at the theatre, conducted by the garnishee, in a short exhibition made up of the two characters assumed by them respectively, and constituted what is termed a "team" doing a "sketch." There was evidence tending to show that under the laws of New York husbands and wives have the same liberty of contract with each other which persons not bearing that relation have under the common law. No declarations of law were asked or given. There was a judgment discharging the garnishee, from which plaintiff appealed to this court and assigns such judgment for error.

This assignment can not be sustained under the facts in the record. The contract whereby the garnishee became indebted as set out in its answer, was one in which the husband and wife, Mr. and Mrs. Drew, were joint obligees. Had suit

Macks v. Drew.

been brought thereon against the obligor (the Columbia Theatre Company), it would have been necessary to join Mr. and Mrs. Drew as co-plaintiffs. That it is competent for the husband and wife to enforce contracts made with them as joint obligees, is the necessary effect of the freedom of contract accorded to married women under our present statutes. R. S. 1899, secs. 4335, 4339 and 4340. For if these give to her the right to contract when acting alone, it logically follows that she has the same right to unite with her husband in making a contract for their joint benefit with a third party, and since the obligation of such a contract is upon a stranger, and not upon the husband, it may be enforced in law or equity. Dunifer v. Jecko, 87 Mo. 282; Huss v. Culver, 70 Mo. App. 514; Niemeyer v. Niemeyer, 70 Mo. App. 609. In the case at bar Mrs. Drew was a collaborator with her husband in an artistic production intended to please and instruct the public. The contribution of her skill was essential to the rendition of the performance. This histrionic ability on her part constituted her earning capacity; the reward for its exhibition was therefore "the wages of her separate labor," whether exerted in conjunction with the personation of other characters by her husband or any other actor, and is, therefore, within the strict terms of the statute exempt from any process of law for the debts of her husband. In an earlier case some expressions were used by Commissioner Phillips indicating that the statutes on the subject of married women then in force did not affect the right of the husband to the entire wages of the joint labor of himself and wife. These views, however, are not consistent with the broad language of the present statutes on the subject of the rights of married women, nor the decision of the Supreme Court in the controlling case of Dunifer v. Jecko, *supra*. They can not therefore be regarded as authoritative. It follows from

what has been said that Mrs. Drew in her own right was jointly entitled with her husband to the money in the hands of the garnishee, and that it was not subject to garnishment for the individual debt of the husband. Hence there was no error in the judgment of the lower court, and it will be affirmed. All concur.