JOHN W. KIRKPATRICK, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 17, 1908.

1. HUSBAND AND WIFE: Personal Injury: Wife's Damages: Husband's Recovery. In an action by a husband to recover for personal injuries to the wife he is entitled alone to present and future damages for the impairment of her ability to perform domestic service for the family, also for the loss of the wife's society and companionship past and future, and likewise the expenditure for medical attendance, medicine and nursing, including his own services and time lost.

2. ———: ———: ———: ———: Statute. The wife owes the husband her services in caring for the household and administering to the needs of the family. For this service he may recover. Her labor as a clerk in a store is not domestic service and she may refuse to perform the same without violating her duty to her husband; and the fact that she may so have labored without compensation cannot affect the rights of the parties and invests the husband with no right to her continuance in such service. The term "separate labor" in the statute means not only service performed by the wife for a stranger but labor other than domestic service; and the husband cannot recover for the loss thereof.

Dissenting Opinion by Ellison, J.

3. ———: ———: ———: ———: ———. The statute enacted in aid and relief of married women is not a statute of divorcement but the husband is still liable for the support and protection of the wife and is the head of the family with power to control the same and responsible for the wife's conduct.

Kirkpatrick v. Railroad.

4. ———: ———: ———: ———: ———. On a review of the cases it is held:

(1)  The wife's service in the husband's business, whether as clerk in store or cook in boarding-house or assistant in his business, is not her "separate labor" in the absence of an understanding to that effect.

(2)  Nor is her service for third persons in an effort to aid the husband in the support of the family, her separate labor.

(3)  Where she works for third persons there must be an election, that is to say, an intention on her part that it is work for herself, to become her separate labor.

(4)  Such election or non-election must be shown by circumstances; and where it is the joint effort to provide for the family it is incompatible with the idea of "separate" labor.

5. ———: ———: ———: ———: ———. In some jurisdictions it is held the husband must consent to the wife's election. Such question is not involved in this case.

6. ———: ——— :———: ———: ———. Where the wife is able, willing and actually helping in the support of the family, to be deprived of her service is a material, pecuniary loss, and is recoverable although it may have contingencies connected therewith; and it does not lie in the mouth of a wrongdoer to say that a wife actually engaged in a business or avocation resulting in earnings to the husband may at some time in the future refuse to further engage in the occupation.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

CERTIFIED TO SUPREME COURT.

*John H. Lucas, Frank G. Johnson* and *Ben F. White,* for appellant.

(1)  The court erred in the admission of all testimony as to the value of the work and wages of the wife of plaintiff, and the loss thereof, as a clerk in the store. The only services for which plaintiff was entitled to recover was the domestic services of his wife.   Cullar v. Railroad, 84 Mo. App. 347; Smith v. Railroad, 119 Mo. 246; Macks v. Drew, 86 Mo. App. 224; 21 Cyc. 1393.

*L. A. Laughlin* for respondent.

The second point is that the court in admitting evidence that Mrs. Kirkpatrick clerked in her husband's store committed error for the reason that her husband is entitled only to the domestic services of his wife, but not to any other services. None of the authorities cited by appellant bear out any such distinction, so that the claim has all the charm of novelty. On principle it would seem strange that a husband would be entitled to the domestic service of his wife but to no other service she may perform for him. If the wife helps the husband in his business and the husband is not entitled to such service then the wife could recover from the husband the value of the service. But the authorities make no such distinction. Plummer v. Trost, 81 Mo. 429; Plummer v. Milan, 70 Mo. App. 598.

JOHNSON, J.—This is an action brought by a husband to recover damages alleged to have been sustained by him in consequence of personal injuries suffered by his wife as the direct result of the negligence of defendant. Plaintiff had judgment in the sum of $2,000, and the cause is here on the appeal of defendant.

It is alleged in the petition "that by reason of said injuries received by his wife he (plaintiff) has been damaged in these particulars: First, in loss of her services in the past as well as in the future; second, in loss of her society and companionship in the past as well as in the future; third, in the value of the services of plaintiff in nursing and caring for her; fourth, in the expense incurred by plaintiff which he has paid or become liable to pay for medical attendance upon his wife to the amount of three hundred dollars; fifth, in the amount paid by plaintiff or for which he has become liable to pay for medicines and nursing for his wife."

The only claim of error made by defendant which appears to possess merit relates to the measure of dam-

ages plaintiff was permitted to recover under the instructions given to the jury. The facts disclosed in evidence which are pertinent to this issue thus may be stated: Mrs. Kirkpatrick was injured on the 8th day of January, 1904, by the derailment of a street car operated by defendant in which she was a passenger. The injuries were of a character to disable her permanently and to make her an invalid for life. She was forty-eight years of age and, prior to the injury, had enjoyed excellent health. Her husband conducted a grocery store in Kansas City, Kansas. The family consisted of the husband, wife and a grown daughter and their living rooms were over the grocery store. For some time, Mrs. Kirkpatrick had performed the work of a clerk in the store, in addition to attending to the household duties. It was shown that the reasonable value of her services as clerk was twelve dollars per week, but that she voluntarily contributed these services to her husband's business without compensation. Timely objections were made by defendant to the introduction of evidence relating to this service and its reasonable value, but the learned trial judge overruled the objections and in the instruction given to the jury on the measure of damages included, as an element of plaintiff's damage, compensation for the loss of such service.

This is reversible error. On the finding by the jury that his wife had been injured by the negligence of defendant, plaintiff was entitled, under the allegations of the petition, to recover: *First,* damages which had resulted and which would be reasonably certain to result in the future from the impairment of her ability to perform domestic services for the family; *second,* damages resulting to plaintiff from the loss of his wife's society and companionship in the past as well as in the future; *third,* the reasonable amount which plaintiff paid or became liable to pay for medical attendance, medicine and nursing, including compensation for the time plaintiff

himself was compelled to expend in nursing and caring for his wife.

Plaintiff was not entitled to any compensation for the loss of his wife's services as a clerk in his store. Under the statutes now in force for the benefit of married women and the interpretation thereof by the Supreme Court and Courts of Appeals to be found in more recent decisions of those tribunals, the right of compensation for the wrongful injury to a married woman's ability to perform labor beyond that pertaining to the care of the household and family, belongs to the wife and not to the husband. Correlative to the duty of the husband to support the family and provide for the education of the children, the wife owes him her service in caring for the household and in ministering to the needs of the family. Such service, which for convenience may be termed "domestic service" is a marital right of the husband and for any wrongful injury thereto, he may recover adequate compensation from the wrongdoer. Working as a clerk in a store is not domestic service and is labor the wife may refuse to perform without violating any duty to her husband. She no more is bound to perform that kind of service for him, either with or without compensation, than she is to perform it for a third person for his benefit. The fact that plaintiff's wife labored for him in his store without compensation could have no effect on the rights of the parties. When she became a wage-earner, without pay, she gave her husband no right to require her to continue to perform such service. In other words, the donation to him of the fruits of her labor did not deprive her of the right given her by statute to the earnings from her future separate labor. The term "separate labor" as used in the statute should not be construed to refer only to service performed by the wife for a stranger, but to mean labor other than domestic service and for which she would be entitled to demand and receive compensation. These considerations

lead to the conclusion that the wrongful deprivation of ability to discharge the duties of a clerk was an injury to her own right, for the redress of which she alone may maintain an action. Authorities in this state fully support this view. [Nelson v. Railroad, 113 Mo. App. 659; Christianson v. McDearmott's Estate, 100 S. W. 63; 123 Mo. App. 448; Macks v. Drew, 86 Mo. App. 224; Cullar v. Railway, 84 Mo. App. 347; Clow v. Chapman, 125 Mo. 101; Dunifer v. Jecko, 87 Mo. 282; Huss v. Culver, 70 Mo. App. 514; Niemeyer v. Niemeyer, 70 Mo. App. 609; R. S. 1899, ch. 51.]

It follows that the judgment must be reversed and the cause remanded. *Broaddus, P. J.,* concurs. *Ellison, J.,* files dissenting opinion. He deems our decision to be contrary to opinion of Supreme Court in Plummer v. Trost, 81 Mo. 425. The case will, therefore, be certified to that court.

DISSENTING OPINION.

ELLISON, J.—I am compelled to differ from my colleagues. I think the foregoing opinion, though following Nelson v. Railroad, 113 Mo. App. 659, is a misconstruction of the Married Woman's Statute. Neither this nor the Nelson case is supported by Clow v. Chapman, 125 Mo. 101, Dunifer v. Jecko, 87 Mo. 282. Those cases do not involve a like question. In the case at bar the husband and wife were living together upstairs over a grocery store which he kept and in which she voluntarily assisted from time to time as a clerk. If there could be a valid agreement between them that she should be paid by the husband, there was none. She voluntarily did the work in assistance to the husband in earning a living for the family.

The statute enacted in aid and relief of married women is not a statute of divorcement. The husband

is yet liable for her support and is obliged to protect her. He is "yet regarded as head of the family with power to control the same." [State v. Napper, 141 Mo. 406.] He is responsible for her conduct as at common law. He is yet liable for her slander. [Taylor v. Pullen, 152 Mo. 434.] And for her other torts committed during coverture. [Flesh v. Lindsay, 115 Mo. 1; Nichols v. Nichols, 147 Mo. 387, 407.] And for the negligence of her servant working on her separate property. [Flesh v. Lindsay, supra.] The Married Woman's Statute (section 4340, Revised Statutes 1899), has cut out the husband's rights to certain of her property, including her separate labor. But it has not interfered with her common law duties and obligations; she must abide with him and live where he chooses (Messenger v. Messenger, 56 Mo. 337; Schuman v. Schuman, 93 Mo. App. 99), and he is entitled to her services, except that "the wages of her separate labor" are "her separate property." But the statute does not force her to regard her labor as separate, nor does it prevent her from aiding her husband. The question is made clearer by keeping in mind that unless the wife's earnings are the product of her "*separate* labor" they belong to the husband. It is a mistake to suppose that the wife's service in housework beyond that for her immediate family, or anything which she does outside of mere housework, is necessarily her separate labor, the wage for which is cast upon her, *nolens volens*. The land is full of dutiful housewives who not only attend to the household work but cheerfully make common cause with the husband in struggling for the betterment of themselves and their children. Work for the husband of that nature is not separate labor, at least without there is an understanding between them to that effect. Work for the husband in aid of his business, or in carrying on his business, is not, of itself, separate labor. The nature and scope of this statute was considered by Judge PHILLIPS in an opinion for the Supreme Court in

Plummer v. Trost, 81 Mo. 425, and what we have said is fully justified by the views stated in that opinion. The question whether work for the husband, outside of household duties for the family, was separate labor, in the meaning of the statute, was directly involved in Blair v. Railroad, 89 Mo. 334, and the husband's claim was there sustained for loss of "the wife's services as milliner in conducting his millinery store." In a case involving the wife's personal injuries by falling on a defective sidewalk, she testified as follows: "Am going on forty years old. Am married. Have been married about twenty years. Am living with my husband. I have got nine children. The oldest is eighteen years old. The youngest is four months old. Besides keeping house for my husband, I help if I can get any sewing to do, sewing for anybody. Something like that, to help support the family. My husband helps to make a living for the family and I keep house for him." And we held that this sewing for others than her family was not her separate labor and that the earnings therefor were not hers. [Plummer v. City of Milan, 70 Mo. App. 598.] We remarked in that case that the statute empowered her to transact business on her "separate account," but did not *compel* her to do so, and that when her labor was intended to aid in support of the family, it would be considered service for the husband.

I cannot find anything from the Supreme Court which, in any way, qualifies the foregoing cases. But in addition to their binding authority I believe them to be founded in good reason and fully supported by the cases in other jurisdictions; they have each been cited in several of these. In Standen v. Railroad, 214 Pa. 189, the action was to recover damages for injuries to the wife. The husband's business was that of a florist. He testified that "she would do her own household duties, do her own washing and ironing, and while I was not working she would attend to the greenhouse;

yes, and pot plants, and hybridize seed, and propagate and make cuttings." The court held he could recover for the loss of such service; and that under the statute her earnings were hers only when she engaged in service in her own right and not in aid of the husband.

In Hamill v. Henry, 69 Iowa 752, the wife lived with the husband and sold milk and butter and kept boarders in conducting the family affairs; the proceeds were held to be the husband's. In McClintic v. McClintic, 111 Iowa 615, the husband and wife were living together and the husband's brother boarded with them, the wife doing his cooking, washing and mending; the earnings were the husband's. To the same effect is Lyle v. Gray, 47 Iowa 153. In Reynolds v. Reynolds, 64 N. Y. 589, the husband took boarders into the house who were sick, the wife cooked for them, and waited upon them; the earnings were held to be her husband's.

The case of Birkbeck v. Ackroyd, 74 N. Y. 356, is widely referred to; it was cited in Plummer v. Trost, supra. It is there said that notwithstanding the statute the wife "may still regard her interests and those of her husband as identical and allow him to claim and appropriate the fruits of her labor. The bare fact that she performs labor for third persons, for which compensation is due, does not necessarily establish that she performed it upon her separate account. . . . The true construction of the statute is that she may elect to labor on her own account and thereby entitle herself to her earnings; but in the absence of such an election, or of circumstances showing that she intended to avail herself of the privilege and protection conferred by the statute, the husband's common law right to her earnings remains unaffected." That case is approved in a number of others in that State, among others in Coleman v. Burr, 93 N. Y. 17; Blaechinska v. Howard Mission, 130 N. Y. 497. Nor is it in any way modified by

that of Stevens v. Cunningham, 181 N. Y. 454. The opinion in the latter case concedes the correctness of the former cases. It concedes there must be an *election* on the part of the wife to accept the benefit of the statute. But the court thought that six years continuous outside service, with the knowledge and consent of the husband, he being willing that she have the proceeds of the service, was sufficient to show election and consent.

In Hazelbaker v. Goodfellow, 64 Ill. 238, it is said that where the wife performed labor for the husband, or bestowed labor in his business, or in acquiring the products of his business, it is not her separate labor. But when the labor is for a third person with the assent of the husband that it shall be separate, the earnings would be hers. And that abandonment necessarily shows an election and consent. In Railway v. Twiname, 121 Ind. 375, the wife, as in Blair v. Railroad, 89 Mo. 334, assisted in the millinery business owned by her husband. She was superintendent. It was held that the husband was entitled to recover the value of her services. In Georgia Banking Co. v. Tice, 124 Georgia 459, it was held that the wife's services as a clerk in her husband's store were not her separate labor. And that unless changed by his consent and her election, her services were his as at common law, citing among other cases, Blair v. Railroad, supra. In Monahan v. Monahan, 77 Vt. 133, it is said that "the fact that the wife assisted the husband in his business and in caring for the money which was the product of their joint labor did not make it her property, in the absence of an agreement that it should be hers."

From the foregoing I draw the following conclusions: *First,* that the wife's service in her husband's business, whether as a clerk in his store, or cook in his boarding house, or assistant in his laundry or on his farm, or the like, is not her separate labor, in the absence of an understanding between them to that effect;

and that Plummer v. Trost, 81 Mo. 425, has not been questioned.

*Second.* Neither is her service for third persons in an effort to aid the husband in support of the family, her separate labor. It is rather that commendable effort to help in the struggle which a large mass of the people, in city and country, have to undergo to provide a living for themselves and to clothe and educate their children.

*Third.* Where she works for third persons there must be an election, that is to say, an intention on her part that it is work for herself,—an election or intention that her work shall be her separate labor.

*Fourth.* Election and non-election may each be shown by circumstances. Thus abandonment by the husband, or being separated, as in Smith v. Railroad, 119 Mo. 246, 252, would be sufficient to show her election to exercise her right to her earnings; and so might other circumstances. On the other hand, if her work for such third persons is joint effort to provide for the family, it would be incompatible with the idea of "separate" labor.

Questions have been suggested as likely to arise, such as whether the statute gives the wife, who is maintaining marital relations with her husband, the right, without his consent, to engage in business or labor on her separate account, except as bestowed upon her separate estate? And whether the wife, without her husband's consent, could engage in business or labor, on her separate account (not in relation to her separate estate) to such an extent as to involve an abandonment of her household duties to him and their children? I have not been referred to a case where such questions were decided. In some jurisdictions, as Georgia, it seems to be implied that the husband must consent as well as the wife elect; while in others, as New York (possibly influenced by a late statute), it seems implied that

it is all in the election of the wife when working for
third persons; but that when engaged in her husband's
service she cannot elect to consider it her separate la-
bor. [Blaechinska v. Howard Mission, 130 N. Y. 497.]
But in Illinois the gravity of the difficulty in allowing
the wife while living with her husband, to abandon her
household duties for the purpose of acquiring property
by her separate labor is suggested. [Douglas v. Gans-
man, 68 Ill. 170, 173; see also Railroad v. Lintner, 141
Ala. 420.] However these questions are not involved
here and need not be determined.

But a suggestion does arise which should receive con-
sideration. It may be said to relate to the substance of
the husband's claim of loss by an injury to the wife's
earning capacity beyond her household duties. It is
said that the wife has a right, at any time, to cease let-
ting her husband take her earnings and to elect to take
them herself as proceeds of her "separate labor," and
therefore the husband's loss cannot be ascertained and is
unsubstantial. I think there is no merit in such claim.
If it is the husband's good fortune to have a wife who is
able, willing and actually does help in the support of the
family, it is a material pecuniary loss to be deprived of
such service. The fact that she had a right to cease such
service does not cut him off on the ground of uncertain-
ty. A parent's pecuniary loss in the death or disabling
of his minor son is uncertain. If he had not been killed
or injured he may have died soon after the date of his
injury, or he may have proven to be an undutiful son
and refused to perform any service, or, worse still, he
may have turned out to be an expense or care, yet, the
parent may have damages. "What may or may not be
done by any one in the future depends upon so many
contingencies that prospective loss of earnings cannot
be susceptible of direct and conclusive proof even in
case of adults. Nevertheless such damages are uniform-
ly allowed." [Wise v. Transit Co., 198 Mo. 546, 560;

Brunke v. Telephone Co., 112 Mo. App. 623; Drogmund v. Railroad, 122 Mo. App. 154.]

In speaking of loss of service which the wife was not in duty bound to perform, but which she *voluntarily did* perform, the Supreme Court of Georgia said, in Georgia Banking Co. v. Tice, supra: "But it is said that in such a case the wife is under no legal obligation to use her talent for the benefit of her husband.     Let this be granted.     At the time of the injury she was using it, and it was lawful for her to do so, and it does not lie in the mouth of a wrongdoer to say that a wife actually engaged in a business or avocation which results in earnings to the husband may at some time in the future decline to further engage in such occupation.     We do not think that merely because a wife can earn money for her husband by engaging in business he would be entitled to recover from a wrongdoer, but, when at the time of the injury she is actually engaged in a business or calling or avocation which results in earnings for the husband, and there is nothing to indicate that there was any agreement between the husband and wife that this should terminate at any time in the future, we think that as against a wrongdoer the inference is to be indulged that the wife will continue the work for the benefit of her husband during the period of her life in which she is able to perform the services."     The same view was taken by the Supreme Court of Indiana in Citizens Street Ry. Co. v. Twiname, supra, wherein it was said that the husband was entitled to recover for the service which "the wife was accustomed to perform."

For the foregoing reasons I am constrained to dissent from the majority opinion.