LUCY COULTER, Respondent; v. THE CITY OF INDEPENDENCE, Appellant.

Kansas City, Court of Appeals, March 3, 1913.

1. NEGLIGENCE: Pleading: Defective Sidewalk: Duty of City. In a suit for injuries caused by a defective sidewalk, it is not necessary for the petition to contain an allegation that it was the duty of the city to keep the sidewalk in a reasonably safe condition. Facts must be stated so that from them such duty will arise as a necessary legal conclusion, and, when that is done, this is sufficient so far as alleging the duty of the city is concerned.

2. ———: Existence of Street: Duty of City. Evidence that the street in question was and had been for years an open public traveled street in the city, that it had been graded some twenty-five years before, that there were houses fronting on both sides of the street at the point in question, that there was a sidewalk along the entire east side of the street, that the sidewalk along the west side, where the injury occurred, ran south to the corner, and that "most everybody" in that locality traveled over that sidewalk, is sufficient to show that it was such as the city was bound to keep in reasonable repair. Especially when the city officers testified, and did not deny the city's acceptance but merely said no complaint of defects in the sidewalk had ever been made to them.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

AFFIRMED.

*Allen E. Southern* for appellant.

*C. M. Carroll* and *L. T. Dryden* for respondent.

TRIMBLE, J.—Damage suit for injuries sustained in consequence of a fall upon a defective plank sidewalk.

The stringers under the sidewalk had rotted and the planks nailed across the stringers had decayed so that the nails no longer held, and the planks were loose.

Plaintiff was walking with her thirteen-year-old son at her side. The son stepped on a loose board which tipped up in time to catch plaintiff's foot and throw her to the ground, spraining her wrist and perhaps otherwise injuring her.

Defendant asks a reversal on the ground that the petition does not state, nor the evidence show, that the street or sidewalk where the injury occurred was one which the defendant was under any obligation to keep in repair.

We do not agree with defendant in this. It is true the petition does not contain the allegation "that it was the duty of defendant to keep the street in a reasonably safe condition for travel" in those words; but it does allege the *facts,* from which, if the facts are true, that duty follows as a necessary legal consequence. The statement found in many such petitions that "it was the duty of the defendant to at all times keep the street in reasonably safe condition" is in reality a legal conclusion arising from the other *facts* pleaded, and if those facts are so pleaded as to necessarily raise the conclusion on the face of the petition, the pleading is good even if the above quoted allegation is not stated in so many words. The cited case of Field v. Railway, 76 Mo. 614, does not militate against this view. There no *facts* were alleged showing any legal obligation on defendant to do what plaintiff complained of its omission to do, and "when a suit is for a breach of duty, the facts out of which it arises must be pleaded;" l. c. 616.

Nor does the petition fail to allege that the street in question, or the sidewalk, was one over which the

city had jurisdiction or control, or that the sidewalk was not reasonably safe for travel in the ordinary modes; or that the defendant had actual or constructive notice in ample time to have repaired the defect before the injury, had it exercised ordinary care and diligence.

The petition, after alleging the corporate existence of the defendant as a city of the third class, the existence of the sidewalk and street as a public traveled street in said city, and that Dodgeon street, on which the injury occurred, runs north and south and Farmer street intersects it running east and west, proceeds as follows: "That on the 26th day of October, 1910, and for a long time prior thereto, there was on the west side of said Dodgeon street and north of the point where said street intersects said Farmer street, and in front of what is known as the "Cromwell property" a wooden, board or plank sidewalk. That said sidewalk at said point on the 26th day of October, 1910, and for a long time immediately prior thereto was in a dangerous and defective condition in this: That said walk had become rotten and decayed, and the boards or planks in said walk loose; that said walk had been in such condition for such a length of time immediately prior to the said 26th day of October, 1910, as that defendant through its agents, servants, and employees, could by the exercise of ordinary care have discovered the same in time to have repaired and made said walk at said point reasonably safe for travel in the ordinary modes of travel, and that defendant through its agents, servants and employees knew, on the 26th day of October, 1910, or, by exercise of ordinary care and caution might have known, of the unsafe and dangerous condition of said walk in time to have repaired the same.

"That on the said 26th day of October, 1910, while the plaintiff was walking and properly and lawfully passing along and over said board or plank sidewalk,

at the point aforesaid on said Dodgeon street and while herself in the exercise of ordinary care and caution, and by reason of the carelessness and neglect of the defendant as aforesaid, she, the said plaintiff, was tripped and thrown by one of the loose boards in said sidewalk and thrown with great force and violence, from which fall plaintiff received serious, painful and lasting and permanent personal injuries, to-wit:'' Here follows a detailed statement of the injuries. . . ''Plaintiff states that by reason of the carelessness and neglect of defendants as aforesaid, and as a direct result of the injuries received, she has been made to suffer'' and, etc.  We think the petition sufficient.

And so also was the evidence.  Miss Carroll, a witness for plaintiff, testified she had lived in Independence for thirty-nine years and Dodgeon street, at the place where the injury happened, was an open, public, traveled street of Independence on the day of the injury and had been as far back as she could remember.  Bauder testified that he had been travelling over the street for thirty years.  A member of the city council, who was on the street and alley committee in 1910, testified that the street north of the intersection of Farmer street was traveled ''quite a bit'' by both pedestrians and vehicles.  Another witness for defendant testified that the sidewalk where the injury occurred was traveled by most everybody that came from that part of town.  The street was graded in 1885, and a sidewalk was along the entire east side of the street.  But on the west side, where the injury occurred, the sidewalk ran only to Farmer street. Some of the witnesses said it went to Farmer street, but defendant's witnesses say it did not run quite to the Farmer intersection, that from the end of the board walk south to the intersection was a walk made of cinders.  There were houses fronting said street on both sides thereof where the plaintiff fell.  In the examination of the witnesses, the place in question was re-

ferred to by both sides, as a street and as a sidewalk. There was no evidence that the street was not a city street or that the city did not assume jurisdiction over it. Some of the members of the defendant's city council testified, and, in an attempt to show that the city had no actual notice of the defective condition of the walk, said that no complaint had ever been made to them of its condition. They did not say it was not a city street or sidewalk. In the absence of such testimony, their statement that no complaint of ill repair was made to them as city officers, would justify the inference that it was a city sidewalk and street. We do not mean to say that because defendant's city officers failed to show affirmatively that it was not a city sidewalk, this relieves the plaintiff of showing that it was. But we do say that the facts in this case, the actual conditions on the ground, the use and travel by the inhabitants of the city for many years, show that it was. And when, in addition to this, the city officers not only fail to deny that it was a city street, or sidewalk, but, in their attempt to show no notice of the defect, say that no complaint had been made to them, this is an added inference that it was a public street and sidewalk of the city. Under the allegations of the petition and the uncontradicted evidence, the sidewalk was one the city was bound to keep in reasonably safe condition, and it would not have been improper for the court to have instructed the jury that it was a city street. [Peltier v. St. Louis, 237 Mo. 686, 692; Benton v. St. Joseph, 217 Mo. 687, 704; Currun v. St. Joseph, 143 Mo. App. 618, 622.] The evidence also showed that the walk was not only not reasonably safe, but that it was dangerous. At least there was substantial evidence to that effect, and, as the jury found that way, we must adopt it. Also that it was in this unsafe condition from the winter of 1909, continuously down to the date of the injury, October 26, 1910. Many planks were rotten and loose, the stringers decayed

and patched up, in a bad condition to walk over and dangerous. The boards were broken and loose, the biggest portion was rotten and loose. Such was the disinterested testimony offered on behalf of plaintiff. And the time she fell was the first time she attempted to go along this street.

Objection is also made to plaintiff's instruction No. 1 on practically the same grounds as those urged against the petition, to-wit, that it did not submit the question whether the sidewalk was reasonably safe, and that it did not submit the question whether the city had actual or constructive knowledge of the defect for a sufficient length of time before the fall to enable the city, by the exercise of ordinary care and diligence, to have repaired it before the injury. The instruction has been carefully examined and is not open to any of the objections urged, or to any objection. Under the instruction, before the jury could find for plaintiff, the jury had to find that the sidewalk was on a city street at the place in question, that it was not only not reasonably safe for travel but that it was defective and dangerous; that the danger consisted in the boards being rotted and loose, and that such condition had existed for such a long time prior to the injury as that defendant knew, or by the exercise of ordinary care might have discovered the defect in time to have repaired it before the injury; that plaintiff while in the exercise of ordinary care, was tripped and thrown by such defect and, as a direct result of such defect and fall she was injured.

The case should be, and therefore is, affirmed. All concur.