JOHN E. ESQUE, Respondent, v. UNITED RAIL-
WAYS COMPANY of St. Louis, Appellant.

St. Louis Court of Appeals. Submitted on Briefs April 9, 1913.
Opinion Filed May 6, 1913.

1. **TRIAL PRACTICE: Evidence: Leading Questions.** In an ac-
tion for personal injuries sustained by reason of "an unusual,
sudden and extraordinary jerk in starting and thereupon in-
stantly stopping" a street car, a question propounded to a
witness on direct examination, "Was there anything unusual
in the starting or stopping of the car?" was leading, and an
objection thereto was, therefore, properly sustained.

2. **APPELLATE PRACTICE: Rulings on Evidence: Review.**
Where the record does not show the ground of objection to a
leading question put to a witness on direct examination, the
appellate court will assume that it was leveled against the
form of the question and that the court sustained it on that
ground.

3. **TRIAL PRACTICE: Evidence: Admissibility.** The fact that
improper testimony is admitted on behalf of one party without
objection from the adverse party does not give the latter
the right to introduce improper testimony in rebuttal, over
the objection of the other party.

4. **DAMAGES: Husband and Wife: Recovery by Husband for
Injury to Wife: Loss of Wages and Profits.** A husband is
entitled to recover for his loss of wages or earnings or profits
in his business which he has sustained in consequence of wait-
ing upon his wife, negligently injured; but it is essential
to a recovery that he show by evidence the amount of wages,
value of time, or the amount of profits, lost.

5. ———: ———: ———: **Loss of Time: Necessity of Proving
Value: Instructions.** In an action by a husband for damages
sustained by reason of the injury of his wife, evidence that
he did work about the house and was up at night and that
it would have cost a certain amount to have employed a
servant, had no tendency to prove the value of his time while
caring for his wife, and there being no other evidence bearing
on this question, an instruction, authorizing a recovery for
time plaintiff was compelled to spend in caring for his wife,
was erroneous, as not supported by evidence.

6. ———: ———: ———: ———: ———: ———. In an action
by a husband for damages sustained by reason of the injury

of his wife, where plaintiff did not prove the value of his time while caring for his wife, an erroneous instruction, allowing a recovery for loss of time, could not be held nonprejudicial on the theory that the jury merely awarded nominal damages on this item, since the appellate court cannot say that the jury disregarded the instruction or that it failed to influence them as to the amount of their verdict.

7. **APPELLATE PRACTICE: Erroneous Instructions: Presumptions.** The appellate court, on appeal from a judgment for plaintiff in an action for personal injuries, will presume that the jury followed the instruction on the measure of damages, authorizing an award for elements not warranted by the proof, and that they included an award for these improper elements in their verdict.

8. ————: **Erroneous Instructions on Measure of Damages: Review.** To render an error in an instruction on the measure of damages, arising from the fact that it includes improper elements of damages, reviewable on appeal, it is not essential that the verdict be attacked in the motion for a new trial on the ground of excessiveness.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

REVERSED AND REMANDED.

*Boyle & Priest* and *Paul U. Farley* for appellant.

(1) The court erred in giving plaintiff's instruction No. 4, in that it was error to authorize plaintiff to recover "compensation for time (if any) plaintiff himself was compelled to spend in attending and caring for his said wife, by reason of said injuries." (a) Because there was no proof that plaintiff suffered any damage as a result of spending time in attending and caring for his wife. Morris v. Railroad, 144 Mo. 500; Gibney v. Transit Co., 204 Mo. 722. (b) Because there was no proof of the value of such services. Gibler v. Association, 203 Mo. 223; Cobb v. Railroad, 149 Mo. 630. (2) The court erred in excluding competent, material and relevant testimony offered by defendant. Bartley v. Railroad, 148 Mo. 140.

*Alfred A. Paxson* for respondent.

(1) Instruction No. 4 authorizing the jury to allow plaintiff to recover "compensation for time (if any) plaintiff himself was compelled to spend in attending and caring for his said wife, by reason of such injuries," was correct and proper under the decisions of the appellate courts of Missouri. Kirkpatrick v. Railroad, 129 Mo. App. 524; Smith v. St. Joseph, 55 Mo. 459; Blair v. Railroad, 89 Mo. 389. (a) Exact proof that plaintiff suffered damage as a result of spending time in attending and caring for his wife not being obtainable is not required. Mabrey v. Road Co., 92 Mo. App. 596; Peltia v. St. Louis, 237 Mo. 694; Jennings v. Appleman, 159 Mo. App. 12. (b) The only proof that could be made was furnished. (c) This point with its "subs," however, is not in the case as appellant made no complaint in its motion for new trial that the verdict was excessive. Sweet v. Maupin, 65 Mo. 70; Dazey v. Laurence, 153 Mo. App. 442. (2) It was not error for the court to refuse to let defendant's motorman give his opinion on the main issue in the case as to whether there "was anything unusual or extraordinary in the starting or stopping of the car." De Meat v. Storage P. & M. Co., 231 Mo. 620; Koenig v. Railroad, 173 Mo. 698; Benjamin v. Railroad, 133 Mo. 289; Lee v. Knapp & Co., 155 Mo. 641.

REYNOLDS, P. J.—Plaintiff, the husband of Mrs. Elizabeth Esque, brought his action against the defendant street railway company, the petition as amended charging that the defendant, unmindful of its duty to safely carry the wife of plaintiff as a passenger, and in violation of its contract so to do, so carelessly and negligently conducted itself in the premises that "by an unusual, sudden and extraordinary jerk in starting and thereupon instantly stopping" the car upon which plaintiff's wife was a passenger, the wife,

by this negligence and carelessness and want of skill of defendant's agents in charge of the car, was mangled, bruised and greatly injured, thrown to the floor and against the sides of the car, another passenger in the car being jerked and thrown violently against the wife, whereby her back, hips and spine were sprained and contused, causing her much pain, giving her a severe nervous shock and seriously and permanently impairing her health. By reason of the injuries to his wife plaintiff avers that he has lost her services and will lose them in the future; "that he has suffered the loss of the society and companionship of his wife and has had to devote his personal care and attention to her, and has been put to great expense for doctor's bills, in the sum of $100, medicines, in the sum of fifty dollars, nursing and attention, in the sum of $200, directly resulting from her said injuries," damages being claimed in the amount of $5000.

The answer, after a general denial, pleads contributory negligence on the part of the wife, to which there was a reply.

The trial before the court and a jury resulted in a verdict in favor of plaintiff in the sum of $1200. Interposing a motion for a new trial and excepting to that being overruled, defendant has duly perfected its appeal to this court.

There are only two errors assigned as grounds for reversal: First, as to an instruction given at the instance of plaintiff on the measure of damages, and, second, as to the exclusion of competent, material and relevant testimony, as it is charged.

Disposing of this last contention first, while the motorman who had been in charge of the car in which plaintiff's wife was injured, was under examination as a witness for the defendant, he was asked: "Was there anything unusual or extraordinary in the starting or stopping of the car?" This question was objected to by counsel for plaintiff, the objection sus-

tained, and it was to this action of the court that the second error above referred to is assigned. Counsel for appellant argue that this was not mere opinion evidence which was sought, but the statement of a fact and was competent evidence. However that may be, and we do not pass upon that proposition, the question was leading, and while the ground of the objection to the question does not appear in the record, the presumption always is in favor of right action on the part of the court, and we may assume that the objection was to the form of the question as leading. That was a good objection. The learned counsel for appellant contend that plaintiff had himself recognized the necessity of proving the allegation that there was an unusual stop. That may be, but that does not dispense with the necessity of eliciting proof by proper questions. The same counsel further claim that a witness for plaintiff, when under examination by counsel for plaintiff, was asked what kind of a stop he would say that was, and that this opened the matter to defendant. An examination of the abstract shows that the answer of the witness was, "I would say it was very sudden and violent; just a jerk. A sudden, violent stop; unusual. If stopped gradually, it wouldn't have thrown a person off their feet." Counsel for defendant moved that the last sentence of the answer be stricken out, to which counsel for plaintiff assented. Thus it appears that beyond the last sentence of this answer, counsel made no objection whatever to it. It can hardly be contended that because counsel, without objection, had allowed improper testimony to be elicited, he could take advantage of it to the extent of putting in improper testimony himself, that testimony objected to.

The instruction of which complaint is made, and on which the first assigned error is based, in enumerating the elements of damage which the jury were to

take into consideration, if they found in favor of plaintiff, told the jury that they might consider: "First, damages (if any) which have resulted, and which will be reasonably certain to result in the future to plaintiff, from the impairment of his wife's ability to perform domestic services for the family. Second, damages (if any) resulting to plaintiff from the loss of his wife's society and companionship in the past, as well as in the future. Third, the reasonable amount which plaintiff paid, or became liable to pay for doctor's bills not exceeding $100, medicine, not exceeding fifty dollars; and fourth, *compensation for time (if any) plaintiff himself was compelled to spend in attending and caring for his said wife, by reason of such injuries, and altogether not to exceed the sum of $5000."*

The error complained of in this instruction is the part of the fourth paragraph which we have underlined.

A very careful examination of the testimony in the case fails to show a scintilla of evidence as to the value of plaintiff's time while caring for his wife. His testimony is that he did work about the house and was up at night and that to have employed a servant he would have been obliged to spend a certain amount of money named. This part of it is fairly covered by the instruction as to the first element of damage, namely, damages suffered by him from the impairment of his wife's ability to perform domestic services for the family. It cannot be held as covering compensation for his own time spent in attending and caring for his wife.

Counsel for respondent, not claiming that there is any evidence as to the value of the husband's time, claims that this instruction was correct under the decisions of our Supreme Court in Smith v. City of St. Joseph, 55 Mo. 456; Blair v. Chicago & A. Ry. Co., 89 Mo. 383 (referring to a local citation in this at page 389), 1 S. W. 350; and under Kirkpatrick v. Metro-

politan St. R. Co., 129 Mo. App. 524, 107 S. W. 1025, a decision by the Kansas City Court of Appeals.

We find nothing in Smith v. City of St. Joseph, supra, sustaining this contention. It is stated in the opinion that the husband in attendance upon his wife had to neglect all of his business and that if he had not cared for her in person he would have been under the necessity of hiring some one to do it in his stead. In this aspect of the case our Supreme Court says an instruction was justified which told the jury, among other things, that if they found for plaintiff they would assess his damages at such sum as shown by the evidence would compensate him for the expense necessarily incurred in nursing and taking care of his wife for the time she was diseased and disabled on account of the injury she had sustained. There is no suggestion made that there was a lack of evidence as to the value of this time. To the contrary, as the jury was directed to the evidence concerning this, it is to be assumed there was such evidence. This is a fair assumption from what Judge WAGNER, who wrote the opinion, says to the effect that the only serious objection made to this instruction is that it allows the plaintiff to recover compensation for his services in waiting upon his wife during her illness. He then says that under all the circumstances surrounding the case he thinks the instruction was right. That simply lays down the rule that the husband can recover for his services in a given case in attendance on his wife, but is very far from supporting the proposition that the jury can assess the value of those services in the absence of any evidence whatever as to that value.

We are referred to page 389 as the local citation in Blair v. Chicago & A. Ry. Co., supra. Turning to that page we find no reference whatever to this point, except that Judge SHERWOOD, in stating the averments in the petition, says that it is stated in the petition, which in the first count sought to set aside and

cancel what was claimed to be a release, that nothing
was considered in the settlement except six days' loss
of time at five dollars a day. At page 396, however,
it is said that there was no claim in the petition for
loss of time and that there was no call to instruct
the jury on matters not in issue. We are unable to
see how this touches the matter here under considera-
tion.

Kirkpatrick v. Metropolitan St. R. Co., supra, was
an action brought by a husband to recover damages
alleged to have been sustained by him in consequence
of personal injuries suffered by his wife as the result
of the negligence of the defendant. It appears that
the plaintiff, in support of his case, introduced evi-
dence to the effect that the husband (plaintiff) con-
ducted a grocery in Kansas City; that the family con-
sisted of the husband, the wife and grown daughter;
that their living rooms were over the grocery; that
for some time the wife had performed the work of a
clerk in the store, in addition to attending to her house-
hold duties. It was shown that the reasonable value
of her services as clerk was twelve dollars a week but
that she voluntarily contributed these services to her
husband's business without compensation. Timely ob-
jections were made by the defendant to the introduc-
tion of evidence relating to these services in the store
and their reasonable value, but the trial judge over-
ruled the objection and in the instruction given to the
jury on the measure of damages included as an ele-
ment of plaintiff's damage, compensation for the loss
of such services. "This," said Judge Johnson, speak-
ing for the Kansas City Court of Appeals (l. c. 527),
"is reversible error." We hardly think that this can
be said to support the claim of counsel for respond-
ent. Furthermore in a dissenting opinion by Judge
Ellison, the cause was certified to the Supreme Court.
What became of it there we are not advised. But ac

cepting the opinion of the majority as correct, we are unable to see how it sustains respondent.

To the contrary, and as showing error in this part of this fourth clause of the instruction, we are referred by counsel for appellant to Morris v. Grand Ave. Ry. Co., 144 Mo. 500, 46 S. W. 170; Cobb v. St. Louis & H. Ry. Co., 149 Mo. 609, 50 S. W. 894; Gibler v. Terminal R. R. Assn., 203 Mo. 208, 101 S. W. 37; Gibney v. St. Louis Transit Co., 204 Mo. 704, 103 S. W. 43.

In the Morris case, supra, commencing at page 505, it is said, referring to cases of this kind, that they are not for exemplary damages, but are "predicated alone upon the idea of compensation for injuries done and losses sustained. In addition to what the jury might award plaintiff for his suffering and physical injuries, they are authorized to compensate him for his pecuniary losses actually sustained, and not those that might or would have occurred but for the interposition of others through kindness or charity." It is then held that where the services of a physician or other party were rendered through charity, there could be no recovery for their value. It is further held that the instructions in these cases, to be correct, must contemplate compensation for a pecuniary loss, not punishment, and that if plaintiff did not lose anything then there is nothing to compensate. Lee v. Western Union Tel. Co., 51 Mo. App. 375, is cited and quoted approvingly by the Supreme Court in the Morris case, in which case, referring to the claim for loss of time suffered by the husband in attendance upon his wife, it is said by the Kansas City Court of Appeals: "If this element of damages is allowed (that is for wages), the case is landed in the absurdity that the defendant is allowed to recover twenty-four dollars for lost wages, when his own testimony shows that the wages were not lost but were paid to him by his employer."

In Cobb v. St. Louis & H. Ry. Co., supra, at page 630, Smith v. Chicago & A. R. Co., 108 Mo. 243, 18

S. W. 971, is referred to with approval as deciding that where no evidence was given as to the value or charges of the physicians employed, the judgment was properly reversed on account of such failure.

In Gibler v. Terminal R. R. Assn., supra, an instruction was given to the effect that plaintiff was entitled to recover damages for any expenses necessarily incurred by him for medicines, etc., which the jury might believe from the evidence he had incurred by reason of said injuries and directly caused thereby. It was objected to this instruction that there was no evidence upon which to base it. Our Supreme Court held that damages of this character, that is, by way of compensation for injury, cannot be allowed except upon proof; that the jury should not be permitted to speculate in an effort to award full compensation for actual damages suffered.

In Gibney v. St. Louis Transit Co., supra, the instruction authorized recovery by way of damages for any expense necessarily incurred for nursing. Judge BURGESS, at page 722, calls attention to the fact that by the evidence it appeared that the only persons who attended plaintiff as nurses were her daughters, members of her family, there being no express contract to pay them for their services. It was contended by the defendant in that case that such services are presumed to have been rendered gratuitously. Judge BURGESS says that as a rule such services involve no legal liability upon the part of the person for whom rendered and therefore afford no basis for a claim. He quotes approvingly from Voorheis on Damages for Personal Injuries, sec. 18, as saying: "The injured person cannot recover as expenses the value of the services of any one of his family in nursing him, unless there was an express agreement by him to pay therefor. Such nursing involves no legal liability on his part, and therefore affords no basis for a claim against the defendant, as for expenses paid. In the

.absence of an express contract, the law will not pre-
sume one, so long as the family relation continues.
An injured person may hire an adult member of his
family to nurse him, or to prescribe for him as a phy-
sician, in the same manner and with like effect that
he may hire a stranger.''

The rule we deduct from these cases is that while
plaintiff was entitled to recover damages for loss of
his wages or earnings or profits in his business that he
sustained in consequence of waiting upon his wife, it is
necessary to his right of recovery that he show by evi-
dence in the case the amount of wages, value of time,
or of amount of profits in his business which he had
lost. For an absolute lack of any evidence of this kind
in this case, this clause in the instruction rendered the
whole instruction error.

We are told, however, by the learned counsel for
respondent, that even in the absence of evidence as to
the amount of wages lost and the value of the time
given up to the care of his wife, that plaintiff was en-
titled to recover at least nominal damages and that
we may assume that is all that the jury allowed in this
case. In support of this proposition, we are cited to
Peltier v. City of St. Louis, 237 Mo. 686, 141 S. W.
608. In that case at page 694, it is said that in the in-
struction there under consideration, the jury were told,
among other things, that they might consider any ex-
pense the plaintiff might have incurred for medicines,
medical attendance and nursing, etc. Our Supreme
Court holds that in the light of the evidence set out
they are of the opinion that the objection to the in-
struction was not well founded; that while it is true
that the evidence of plaintiff shows she did not need
much medicine and presumably she did not incur much
of a debt on that account, the appellate court had no
right to presume under that evidence that the jury al-
lower her anything more than a nominal sum therefor,
which they had a perfect right to do. We do not think

that this fits the case here. In the Peltier case there was evidence that she had expended "some" money for medicines, etc., but the amount was not stated. It was on this showing that the court held that the jury might presume that medicines had value and that plaintiff was entitled to at least nominal damages for the amount. But that is not the case here. We have no evidence whatever on which the jury was authorized to find that this plaintiff had devoted any time whatever that was of any value to him, in the sense of being time in which he was earning wages, in the care and attention to his wife. As said by our Supreme Court in the Gibney case, as a member of the family and as husband, particularly, he owed attention to his wife, and unless in giving that attention he had suffered pecuniary loss, such as losing his wages, or the like, he was not entitled to recover for his time.

In the case at bar the jury were distinctly told, in this fourth clause of the instruction, that the plaintiff was entitled to recover compensation for time, if any, which he himself was compelled to spend in attending and caring for his wife. We cannot say that the jury disregarded this or that it failed to influence them in the amount of their verdict, although it is true that the verdict is not very large. But in order to sustain this verdict we would be compelled to hold that the jury had entirely disregarded that clause of the instruction. We cannot hold that they awarded merely nominal damages for this item. If they did disregard the instruction, that was error. But the instruction itself was erroneous, for as before stated there was no evidence of time lost from work, or wages lost, on which to award plaintiff even nominal damages. Murray v. Mo. Pac. Ry. Co., 101 Mo. 236, 13 S. W. 817, is overruled in Cobb v. St. L. & Han. Ry. Co., 149 Mo. 609, l. c. 630, 50 S. W. 849.

We are told that the verdict is for the right party and that even if this instruction was bad in this par-

ticular, the verdict and judgment should be sustained. This proposition is answered by our Supreme Court in Morris v. Grand Ave. Ry. Co., supra, where at page 508, it is said, answering the same proposition: (We quote slightly paraphrasing the words of the opinion by substituting "plaintiff" in place of "doctor," as was the case before the Supreme Court.) "Whatever might be the views of this court as to the correctness of the judgment in a general way, and even though the verdict was for less than we might think the testimony warranted, still we cannot say that an instruction was not prejudicial which directed the finding for a definite item of damages that the jury had no right to consider, and which we must suppose they did consider, in making up the total estimate of damages as indicated by the verdict. To suppose that the jury considered the instruction would be to conclude that they committed error in estimating plaintiff's damages by the amount of the value of the (plaintiff's) services (as to which there is not a particle of testimony). This certainly is not a case, where from a consideration of all the facts, the presumption may be indulged, to sustain a verdict and the judgment based thereon, that the jury included no improper elements of damages, for we must presume the jury did as they were instructed, and that was to include an improper item in estimating plaintiff's damages."

Finally, it is said that this error in the instruction should have been made in the motion for a new trial by an attack on the verdict as excessive. We do not agree to this proposition. The error is in a specific instruction to find on an element of damage, of which there was no proof whatever.

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Allen, JJ.,* concur.